775 P.2d 758

STATE of New Mexico,
Plaintiff–Appellee,

v.

Chalie L. MILES, Defendant–Appellant.

No. 10884.

Court of Appeals of New Mexico.

April 6, 1989.

Certiorari Denied May 10, 1989.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his convictions for possession of cocaine, possession of marijuana (less than one ounce), and speeding. The question on appeal is whether the trial court erred in denying defendant's motion to suppress. Defendant sought suppression of (1) a brown wooden box containing marijuana, which was seized from his car; and (2) cocaine subsequently seized from his person. The facts raise an issue of first impression: whether under the plain view exception to the requirement of a search warrant, a police officer may investigate the contents of a container which is itself contraband and which he is virtually certain contains more contraband. For the reasons stated below, we affirm the trial court's denial of defendant's motion to suppress.

## FACTS

Defendant, driving a vehicle carrying two passengers, was stopped for speeding by Officer Frisk and another officer. Officer Frisk testified at the suppression hearing that he shined his flashlight into the car for his own safety in order to see the occupants' hands. Officer Frisk further testified that as he was standing on the vehicle's driver's side, he noticed a brown wooden box lying on the seat next to one of the passengers. He recognized the box as drug paraphernalia. Officer Frisk walked around to the passenger side, picked up the box, and asked the occupants of the vehicle if they owned it. None of them responded.

Officer Frisk then opened the box and found marijuana. He testified that he did not request permission from either defendant or the other occupants to seize or open the box. Officer Frisk arrested defendant after finding the marijuana and transported him to the police station, where he was searched. Cocaine was found in defendant's pocket.

Officer Frisk described the box he seized as about two inches wide, four to five inches tall, and one-half to one inch thick. A little dot on the box indicates the place from which a pipe pops out when the box is opened. The other side of the box contains a compartment where marijuana is stored.

Officer Frisk testified that, although he did not smell marijuana or anything suspicious, he readily recognized this item as being drug paraphernalia based on his experience as a police officer. He stated that he had picked up approximately twelve to fifteen of these boxes, and he has never seen one that did not contain marijuana. Officer Frisk further testified that the police use these boxes as examples of drug paraphernalia in displays at various city organization functions.

David Hoglund, a criminal defense attorney, testified for the defense. He testified that seventy percent of his practice consists of drug cases, almost all of which involve drug paraphernalia. He stated that he has three of the boxes described by Officer Frisk in his home, and he has personally given some as gifts. Hoglund further testified that he considers these boxes novelty items. They can be purchased at novelty shops, community fairs, and head shops.

## DISCUSSION

The state contends the search of the box was proper because Officer Frisk had probable cause to search the entire vehicle and its containers. *See United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The state reasons that the police had probable cause to believe there was contraband or other lawfully seizable material in the car; therefore, they could search even a sealed container. *Id.; see also*

*United States v. Mazzone*, 782 F.2d 757 (7th Cir.), *cert. denied*, 479 U.S. 838, 107 S.Ct. 141, 93 L.Ed.2d 84 (1986). Alternatively, the state contends Officer Frisk's actions were proper under the plain view exception to the warrant requirement. *See Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). The state's alternative argument requires us to determine whether the contents of the box were protected by the fourth amendment. We conclude they were not. Because we agree with the state's alternative argument, we do not consider whether a search of the entire car would have been permissible.

We hold that the seizure was permissible under the plain view exception to the requirement of a search warrant. We further hold that defendant lacked a reasonable expectation of privacy in its contents and that therefore Officer Frisk was entitled to open it.

In the law of search and seizure, "plain view" has two meanings. First, and most commonly, the term is used to describe a seizure of evidence inadvertently discovered in the course of an intrusion for which there was a prior justification, such as a search warrant. *See State v. Powell*, 99 N.M. 381, 658 P.2d 456 (Ct.App.1983). However, the term is also used to describe a situation in which there has been no search at all. *Id.*

In New Mexico, incriminating evidence found in plain view may be seized if the officers were lawfully in the position from which they observed the evidence, if they discovered it inadvertently, and if the incriminating nature of the evidence seized is immediately apparent. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (plurality opinion); *State v. Luna*, 93 N.M. 773, 606 P.2d 183 (1980). Absent exceptional circumstances, the officers must also have probable cause to believe that the item is subject to seizure. *See Arizona v. Hicks*, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). Defendant concedes that Officer Frisk was lawfully in a position to see the box and that he discovered it inadvertently. He contends, however, that the incriminating nature of the box was not immediately apparent. We disagree.

The incriminating nature of an item seized under this exception need not relate to the crime under investigation; it must relate to some criminal activity of which the officer is aware. *State v. Dobbs*, 100 N.M. 60, 665 P.2d 1151 (Ct.App.1983). Near certainty of an object's incriminating nature is not necessary; there need only be a practical, nontechnical probability that incriminating evidence is involved. *See Texas v. Brown*. Contraband need not be visible to justify its seizure under this exception. *Id.*

Defendant contends that since there are many other uses for a small wooden box, the incriminating nature of the box seized was not immediately apparent. However, the box in question was not an ordinary wooden box. As illustrated by Officer Frisk's testimony, the box in question was obviously drug paraphernalia. Its size and markings indicated it contained a pipe and marijuana. Accordingly, based on the above, the incriminating nature of the box was immediately apparent; therefore, Officer Frisk could properly seize it, even without a warrant.

Defendant argues that even if Officer Frisk had probable cause to seize the box, he was required to obtain a search warrant before opening it. This court has held that a warrant is required prior to opening sealed boxes and bags stored in the trunk of a vehicle, *State v. White*, 94 N.M. 687, 615 P.2d 1004 (Ct.App.1980), and prior to opening luggage seized from a vehicle. *State v. Walker*, 93 N.M. 769, 605 P.2d 1168 (Ct.App.1980). This court relied on *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), in both *White* and *Walker*, and noted the expectation of privacy in the luggage and the boxes and bags in question.

Nevertheless, this court also noted that not all containers the police find during the course of a search deserve the full protection of the fourth amendment of the United States Constitution. *See State v. Walker; State v. White*. This proposition is based on footnote 13 of *Sanders*, which stated that "some containers (for example a kit of burglar tools or a gun case) by their very

nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance." *Id.* at 764–65 n. 13, 99 S.Ct. 2593–94 n. 13. The Supreme Court recognized that there are difficulties in determining which packages taken from a vehicle will require a warrant for their search and which will not. *Id.* The Supreme Court later explained that to fall under the *Sanders* exception set out in footnote 13, a container must clearly announce its contents by its distinctive configuration, its transparency, or otherwise; its contents must be obvious to an observer. *See Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) (plurality opinion), *distinguished on other grounds, United States v. Ross.*

■ The reason behind the limitation is clear. Unless more than probable cause is required, the *Sanders* footnote would eliminate the *Sanders* holding. *See* 3 W. LaFave, *Search and Seizure* § 7.2 at 70 (2d ed. 1987). The officer must be virtually certain that the item contains contraband. *See Texas v. Brown*, 460 U.S. at 751, 103 S.Ct. at 1548 (Stevens, J., concurring).

The information:

[M]ust be good enough to eliminate all need for additional search activity. This can only occur when [the] information acquired by the officer rises to a state of certitude, rather than mere prediction, in regard to the object of the investigation. This level of conviction must be objectively reasonable in light of the officer's past experience and training, and capable of verification by a reviewing court.

*United States v. Williams*, 822 F.2d 1174, 1185 (D.C.Cir.1987) (footnotes omitted).

■ We think this case involves unique facts. On these facts, the trial court was entitled to find that Officer Frisk was virtually certain the box contained marijuana and that the level of his conviction was reasonable. *See United States v. Eschweiler*, 745 F.2d 435 (7th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1188, 84 L.Ed.2d 334 (1985) (holding that an envelope labelled as a safe deposit key and containing the name of a bank could be opened; the agent was entitled to infer

that the envelope contained a key). On these facts, the container announced its contents. *But see People v. Smith*, 103 Ill.App.3d 430, 59 Ill.Dec. 198, 431 N.E.2d 699 (1982) (in case factually similar to case at bar, court held officer could not search without a warrant because box's shape did not imply its contents), *reversed on other grounds*, 95 Ill.2d 412, 69 Ill.Dec. 374, 447 N.E.2d 809 (1983).

In determining whether a police officer had probable cause to conduct a search, his factual knowledge based on law enforcement experience is relevant. *United States v. Williams.* The same knowledge is relevant in determining the reasonableness of an officer's conviction that the contents of a container are contraband. *Id.*

Under the facts of the present case, the wooden box in question was a container which by its very nature did not support any reasonable expectation of privacy because, based on the distinctive nature of this particular box, it was obvious to Officer Frisk that the box contained marijuana. Thus, no warrant was required prior to opening it. *See Arkansas v. Sanders*, 442 U.S. at 764–65 n. 13, 99 S.Ct. at 2593–94 n. 13; *cf. United States v. Williams* (under the "plain touch" exception to the warrant requirement, no warrant was needed to open a container when its contents became known through a lawful touching of the outside). Because Officer Frisk had probable cause to arrest defendant, the search of defendant's person at the police station was a valid search incident to arrest. *See State v. Garcia*, 83 N.M. 490, 493 P.2d 975 (Ct.App.1971).

CONCLUSION

Accordingly, we affirm the trial court's denial of defendant's motion to suppress and defendant's convictions based on the foregoing reasons.

IT IS SO ORDERED.

BIVINS, C.J., and ALARID, J., concur.