40 P.3d 1030 (2001)
131 N.M. 573
2002-NMCA-019
STATE of New Mexico, Plaintiff-Appellant,
v.
Bradley JONES, Defendant-Appellee.
No. 21,775.
Court of Appeals of New Mexico.
December 27, 2001.
Certiorari Denied February 6, 2002.
*1031 Patricia A. Madrid, Attorney General, James O. Bell, Assistant Attorney General, Santa Fe, NM, for Appellant.
Phyllis H. Subin, Chief Public Defender, Lisa N. Cassidy, Assistant Appellate Defender, Santa Fe, NM, for Appellee.
Certiorari Denied, No. 27,312, February 6, 2002.

OPINION
ALARID, Judge.
{1} The State appeals from a trial court order suppressing cocaine and drug paraphernalia seized from Defendant's automobile without a search warrant. We hold that the State has failed to establish exigent circumstances justifying the warrantless seizure of evidence from inside Defendant's automobile. We therefore affirm the trial court's suppression order.

FACTS
{2} On June 5, 1999, at about 2 a.m., Alamogordo police officer Bruce Roberts was dispatched to investigate a suspicious automobile parked on a public street. Officer Roberts knew of a string of burglaries in the area and as he approached Defendant's automobile he also recognized Defendant as having been involved with narcotics in the past.
{3} Officer Roberts asked Defendant what he was doing. Defendant answered that he had stopped to blow his nose. Officer Roberts testified at the suppression hearing that this answer was suspicious because Defendant could have blown his nose at a stop sign at this time of night because of the light traffic. Officer Roberts' suspicions also continued because of the recent burglaries in the area and because he knew of Defendant's *1032 past involvement in narcotics. Officer Roberts then asked Defendant if he had any weapons. Defendant replied that he had a folding pocketknife and placed it on the dashboard. Officer Roberts then asked Defendant to step out of the automobile for a weapons pat-down. No weapons were found in this pat-down.
{4} Officer Roberts next asked Defendant if he could search the automobile. Defendant refused to consent to a search. Officer Roberts testified that the refusal to consent and the refusal to maintain eye contact continued to arouse his suspicion because those who are involved in drugs will refuse consent to search 99.9 percent of the time because there is something in the vehicle that they do not want the officer to find.
{5} Officer Roberts then looked into the automobile and saw a brown paper bag. He asked Defendant what was in the bag. Defendant replied that the bag contained trash. Officer Roberts then moved to the passenger side of the automobile and shined his flashlight inside. He saw the plunger end of a hypodermic needle protruding from under a towel. Officer Roberts immediately placed Defendant under arrest. Without obtaining a warrant, Officer Roberts reached into the automobile and seized the syringe from under the towel. While moving the towel to seize the syringe, Officer Roberts saw a paper package. The package was wrapped "pharmaceutical" style in a folded envelope as is often utilized by persons who use drugs. The package was also seized and subsequent testing proved that it contained cocaine.
{6} Defendant was charged by criminal information for possession of cocaine and possession of drug paraphernalia. Defendant moved to suppress the evidence based upon the absence of exigent circumstances supporting the warrantless entry into the automobile. Officer Roberts testified that, in his opinion, the circumstances warranted a search incident to arrest. The trial court determined that ordering Defendant out of the automobile and patting him down for weapons was reasonable. The trial court also determined that Defendant denied consent for a search but that shining the flashlight in the window was permissible. The trial court suppressed the evidence on the ground that there were no exigent circumstances justifying the warrantless entry into the automobile and the seizure of evidence from inside. The trial court also denied the State's motion for reconsideration.

DISCUSSION

A. Preservation of Plain View Argument
{7} We initially note that Defendant argues that the State has failed to preserve its argument that the syringe was in plain view, and could therefore be seized without a warrant. Defendant indicates that the State relied entirely on the search incident-to-arrest theory of admissibility at the original suppression motion hearing. After losing on that theory, the State filed a motion to reconsider arguing the plain view exception to the warrant requirement. From our review of the record, the trial court initially granted the State's motion to reconsider the original suppression order and instructed the parties to brief the issue of whether the plain view exception applies under the facts of this case. After reviewing the parties' briefs, the trial court denied the motion to reconsider.
{8} In order to preserve an issue for appellate review, "it must appear that a ruling or decision by the district court was fairly invoked." Rule 12-216(A) NMRA 2001; see also State v. Gomez, 1997-NMSC-006, ¶ 14, 122 N.M. 777, 932 P.2d 1. The trial court addressed the merits of the State's motion to reconsider. The State has therefore fairly invoked a ruling of the trial court on the issue of whether the plain view exception applies in this case. The issue is therefore preserved for appellate review and we will address the merits of the State's appeal.

B. Whether the Trial Court Properly Suppressed the Evidence in This Case

1. Standard of Review
{9} In reviewing the trial court's decision to grant Defendant's motion to suppress, "[w]e review the district court's ruling... to determine whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing *1033 party." State v. Cline, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. "We review the legal issue of whether ... evidence was properly seized pursuant to the plain view exception under a de novo standard of review." State v. Steinzig, 1999-NMCA-107, ¶ 27, 127 N.M. 752, 987 P.2d 409.

2. Applicability of the Plain View Doctrine to the Seizure of the Evidence from Defendant's Automobile
{10} The State argues that the trial court erred by granting Defendant's motion to suppress because the syringe was in plain view through the window of Defendant's automobile. The State cites State v. Williams, 117 N.M. 551, 556, 874 P.2d 12, 17 (1994), for the proposition that there was no Fourth Amendment search because the syringe was in plain view. Therefore, the State argues, Officer Roberts was justified in seizing the syringe from Defendant's automobile without a warrant.
{11} The State is correct that the mere looking at what is in plain view is not a search as long as the officer is using his natural senses and is in a place that he is lawfully entitled to be. State v. Calvillo, 110 N.M. 114, 117, 792 P.2d 1157, 1160 (Ct.App. 1990). "Seizures without a warrant, however, like searches without a warrant, are "`per se unreasonable'" unless an exception to the warrant requirement is applicable." State v. Vasquez, 112 N.M. 363, 367, 815 P.2d 659, 663 (Ct.App.1991).
{12} In State v. Valdez, 111 N.M. 438, 441, 806 P.2d 578, 581 (Ct.App.1990), we held that, just because police officers may see evidence in plain view inside of a greenhouse attached to a residence without violating the Fourth Amendment, the officers may not enter the property in order to seize the evidence without a warrant, except upon a showing of exigent circumstances, or some other exception to the warrant requirement applicable to the facts of the case. See also Calvillo, 110 N.M. at 118, 792 P.2d at 1161 ("Even though we conclude there was no [F]ourth [A]mendment search, this does not necessarily lead to the conclusion that the police were justified in entering defendant's home and seizing the gun without a warrant."). Valdez holds that "seizure" of evidence from inside a constitutionally protected area, with no Fourth Amendment "search" based on evidence in plain view from outside the area, still requires either a warrant or an exception to the warrant requirement. Valdez, 111 N.M. at 441, 806 P.2d at 581. Under Valdez, plain view is therefore not a viable exception to the warrant requirement in order to justify the warrantless seizure of evidence when the evidence is seen in plain view from outside the constitutionally protected area. Id.
{13} We note, however, in the present case, we are dealing with a seizure of evidence from an automobile as opposed to the seizure of evidence from a residence. In addressing automobile search and seizure, our Supreme Court departed from established federal precedent interpreting the Fourth Amendment and held that, under the New Mexico Constitution, Article II, Section 10, there are no "automatic" exigent circumstances justifying the warrantless search of an automobile. See Gomez, 1997-NMSC-006, ¶ 44, 122 N.M. 777, 932 P.2d 1. Rather, the Court held that a warrantless search of an automobile is valid only where the officer has reasonably determined that exigent circumstances exist. Id. ¶ 40. The Court further defined exigent circumstances as "`an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence.'" Id. ¶ 39 (quoting State v. Copeland, 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct.App.1986)). This is the same definition set forth in Copeland defining exigent circumstances to search a motel room without a warrant. Copeland, 105 N.M. at 31, 727 P.2d at 1346. It is also the same definition set forth by this Court in State v. Corneau, 109 N.M. 81, 89, 781 P.2d 1159, 1167 (Ct.App. 1989), defining exigent circumstances justifying the warrantless search of an apartment.
{14} In Gomez, our Supreme Court therefore extended to persons in automobiles the same search and seizure protections under Article II, Section 10, of the New Mexico Constitution that apply to dwellings with regard *1034 to the exigent circumstances exception to the warrant requirement. We believe it logically follows that the same rule that applies to dwellings requiring a warrant prior to a seizure of evidence seen in plain view from outside the residence would also apply to automobiles under Article II, Section 10. See Gomez, 1997-NMSC-006, ¶ 44, 122 N.M. 777, 932 P.2d 1 ("Quite simply, if there is no reasonable basis for believing an automobile will be moved or its search will otherwise be compromised by delay, then a warrant is required."). Accordingly, we determine that the same distinction between the "search" and the "seizure" that was present in Valdez is present in automobile searches and seizures.
{15} We next apply this analysis to the present case. We need not decide whether Officer Roberts was legally where he had the right to be when he looked through the window of the car and saw the syringe because, even if he lawfully observed the syringe in plain view, absent exigent circumstances or another applicable exception to the warrant requirement, a warrant was required to enter the automobile and "seize" the evidence. Gomez, 1997-NMSC-006, ¶ 44, 122 N.M. 777, 932 P.2d 1 (requiring a warrant to enter a vehicle and seize contraband in plain view absent exigent circumstances); Valdez, 111 N.M. at 441, 806 P.2d at 581. Examples of other exceptions would be a proper inventory search and the inevitable discovery doctrine. See State v. Shaw, 115 N.M. 174, 176, 848 P.2d 1101, 1103 (Ct.App.1993) (inventory searches are a well-defined exception to the warrant requirement); Corneau, 109 N.M. at 90, 781 P.2d at 1168 (tainted evidence that would have been discovered through an independent source should be admissible if the State can prove that it would have inevitably been discovered anyway). Moreover, though exigent circumstances may be easier to show in cases in which an automobile, being movable, is involved, than in cases in which a residence is involved, the showing of exigent circumstances still must be made by the State. See Gomez, 1997-NMSC-006, ¶ 44, 122 N.M. 777, 932 P.2d 1.
{16} The burden falls to the State to show that the warrantless intrusion into Defendant's vehicle and the seizure of the syringe and cocaine were justified by exigent circumstances or another applicable exception to the warrant requirement. Id. at 366, 815 P.2d at 662. The State has set forth no facts in its brief-in-chief indicating that it argued to the trial court that exigent circumstances, or any other applicable exception to the warrant requirement, existed which would justify the warrantless seizure of evidence from Defendant's automobile. See In re Estate of Heeter, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct.App.1992) ("This court will not search the record to find evidence to support an appellant's claims."); cf. State v. Arredondo, 1997-NMCA-081, ¶ 19, 123 N.M. 628, 944 P.2d 276 (warrantless seizure of contraband in automobile in the course of search for weapons justified by exigent circumstances). The State has therefore failed in its burden to establish that an applicable exception to the warrant requirement existed.

CONCLUSION
{17} We hold under Gomez that before evidence in an automobile may be seized, a warrant is required to enter the automobile unless the State can satisfy its burden to show that exigent circumstances existed justifying the warrantless entry or another applicable exception to the warrant requirement applies. This rule applies even though the evidence may be in plain view through an open window. Officer Roberts did not have a warrant when he seized the evidence from Defendant's automobile and the State has not satisfied its burden to show exigent circumstances or any other applicable exception to the warrant requirement. Accordingly, we affirm the trial court's order suppressing the evidence obtained from Defendant's automobile.
{18} IT IS SO ORDERED.
WE CONCUR: RICHARD C. BOSSON, Chief Judge, and JONATHAN B. SUTIN, Judge.