2007-NMCA-081

161 P.3d 898

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**James BOMBOY, a/k/a James Christopher Bomboy, a/k/a James Chris Bomboy, Defendant–Appellee.**

No. 26,687.

Court of Appeals of New Mexico.

April 12, 2007.

Certiorari Granted, No. 30,381, June 4, 2007.

Gary K. King, Attorney General Katherine Zinn, Assistant Attorney General Santa Fe, NM for Appellant.

Arlon L. Stoker Farmington, NM for Appellee.

## OPINION

SUTIN, Chief Judge.

{1} Officers Postlewait and Briseno lawfully stopped Defendant James Christopher Bomboy for a license plate illumination violation and also based on reasonable suspicion that he was driving on a suspended license. No one but Defendant was in the vehicle. Officer Briseno saw a substance in Defendant's vehicle that he recognized as methamphetamine and told Officer Postlewait to arrest Defendant. Officer Postlewait removed Defendant from the vehicle, arrested him for possession of methamphetamine, handcuffed him, and placed him on a curb next to Defendant's vehicle. After the arrest, Officer Postlewait then reached into the vehicle through the open passenger window and seized the methamphetamine. Officer Briseno secured Defendant in the patrol unit. Afterwards, Officer Postlewait conducted an inventory search of the vehicle, during which the officer seized a digital scale, Defendant's wallet, and a cell phone. Defendant's vehicle was then towed.

{2} At the suppression hearing, the officers did not articulate any exigent circumstances to justify the warrantless seizure of the methamphetamine. Relying primarily on State v. Gomez, 1997–NMSC–006, 122 N.M. 777, 932 P.2d 1, and State v. Jones, 2002–NMCA–019, 131 N.M. 586, 40 P.3d 1030, the district court suppressed the methamphetamine on the ground there were no exigent circumstances justifying the seizure. The State appeals on one ground only, namely, that the New Mexico Constitution does not require a warrant, consent, or exigent circumstances before an officer may seize inherently illegal drugs that are in plain view within a lawfully stopped vehicle. Gomez, Jones, and State v. Garcia, 2005–NMSC–017, 138 N.M. 1, 116 P.3d 72, control the outcome in this case. Fully constrained by these three cases, we affirm the suppression of the methamphetamine.

## DISCUSSION

{3} The facts necessary to decide the issue on appeal are not in dispute. We therefore review the suppression of the evidence de novo. See Garcia, 2005–NMSC–017, ¶ 27, 138 N.M. 1, 116 P.3d 72. We review de novo a district court's determination of exigent circumstances. Gomez, 1997–NMSC–006, ¶ 40, 122 N.M. 777, 932 P.2d 1. In reviewing de novo the district court's ruling to determine whether the law was correctly applied to the facts, we view the facts in the light most favorable to the prevailing party. Jones, 2002–NMCA–019, ¶ 9, 131 N.M. 586, 40 P.3d 1030.

{4} In Garcia and Gomez, our Supreme Court rejected the federal bright-line automobile exception in search and seizure cases that permits a vehicle search without a particularized showing of exigent circumstances. See Garcia, 2005–NMSC–017, ¶ 29, 138 N.M. 1, 116 P.3d 72; Gomez, 1997–NMSC–006, ¶¶ 35, 39, 44, 122 N.M. 777, 932 P.2d 1. Under Article II, Section 10 of our New Mexico Constitution, a warrantless search of a vehicle or warrantless seizure of an object from within a vehicle requires a particularized showing of exigent circumstances or some other recognized exception to the warrant requirement. See Garcia, 2005–NMSC–017, ¶ 29, 138 N.M. 1, 116 P.3d 72; Gomez, 1997–NMSC–006, ¶¶ 35, 39, 122 N.M. 777, 932 P.2d 1; Jones, 2002–NMCA–019, ¶¶ 12, 15, 131 N.M. 586, 40 P.3d 1030; see also State v. Duffy, 1998–NMSC–014,

¶ 61, 126 N.M. 132, 967 P.2d 807 (stating that "[a]mong the recognized exceptions to the warrant requirement are exigent circumstances, consent, searches incident to arrest, plain view, inventory searches, open field, and hot pursuit").

{5} The State does not contend that exigent circumstances or any other exception to the warrant requirement is applicable. The State's arguments center solely on its contention that the circumstances of this case should not come within the reach of *Garcia*, *Gomez*, or *Jones*. The State argues that the seizure was lawful based on the existence of obviously illegal, incriminating evidence in plain view in a vehicle, giving rise to reasonable inferences of criminal activity on the part of Defendant. The State also argues that the seizure was lawful because it was based on Defendant's lack of any lawful possessory interest in the inherently unlawful drugs and of any legitimate expectation of privacy, and also based on the de minimis nature of the intrusion. The State's arguments raise a valid question whether, under the circumstances, the officer's seizure of the methamphetamine should be considered unlawful. The State makes an arguable point, but it is insufficient to override the *Garcia*, *Gomez*, and *Jones* trio that forbids a warrantless seizure of an object in a vehicle unless an exception to the warrant requirement applies.

**Plain View**

{6} Although the plain view doctrine is a recognized exception to the warrant requirement, it does not in and of itself override the rules for entry into vehicles to conduct searches or seizures. While the doctrine "generally allows an officer to seize an object in plain view ... when the officer is legally allowed to be in the location from which the object can be seen," an officer is not permitted to enter a vehicle and seize an object, even if the object is in plain view, "without either consent, a warrant, or exigent circumstances." *Garcia*, 2005–NMSC–017, ¶ 29, 138 N.M. 1, 116 P.3d 72. Thus, even if an officer lawfully sees contraband from outside a vehicle, he or she still must have proper justification for entering the ve-

hicle to seize the evidence without first obtaining a warrant. *Id.; State v. Valdez*, 111 N.M. 438, 441, 806 P.2d 578, 581 (Ct.App. 1990) (holding that the officers were not authorized to enter the defendant's home and seize marijuana plants without a warrant or exigent circumstances, even though the officers saw the marijuana in plain view); *see also Horton v. California*, 496 U.S. 128, 137 & n. 7, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) ("But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure."). *Garcia* makes clear that the New Mexico Constitution provides the protection of "a warrant or the presence of exigent circumstances to remove evidence" even if the object in the vehicle is in plain view when the officer is legally situated outside the vehicle. *Garcia*, 2005–NMSC–017, ¶ 29, 138 N.M. 1, 116 P.3d 72; *see also Jones*, 2002–NMCA–019, ¶¶ 12–15, 131 N.M. 586, 40 P.3d 1030 (holding that a vehicle is a constitutionally protected area which is protected from a warrantless seizure of evidence in plain view from outside the vehicle absent exigent circumstances or another applicable exception to the warrant requirement). The State nevertheless combines plain view of obviously illegal drugs with other arguments in an attempt to distinguish and avoid the application of *Garcia*, *Gomez*, and *Jones*.

**Lack of Possessory Interest and Expectation of Privacy, and Minimal Intrusion**

{7} The State argues that, in balancing the degree of the privacy intrusion against the government's interest in detection and prevention of crime, *see State v. Jason L.*, 2000–NMSC–018, ¶ 14, 129 N.M. 119, 2 P.3d 856, the seizure in this case must be considered reasonable, in that Defendant had no lawful right to possess the methamphetamine seized and therefore no legitimate expectation of privacy. In support, the State argues that *Garcia*, *Gomez*, and *Jones* do not answer the question "whether some exception to the warrant requirement is necessary before an officer may seize from a vehicle obvious and unmistakable items *necessarily* criminal in nature." The State asserts that *Garcia* and *Jones* are to be distinguished

because the weapon seized in *Garcia* and the syringe seized in *Jones* were not intrinsically illegal or necessarily criminal in nature; whereas, in the present case, Defendant had no lawful possessory interest in the methamphetamine because it was obviously illegal. The State also argues that, although in *Gomez* the officer observed marijuana in plain view inside the vehicle, *Gomez* is not applicable because the only charge reviewed on appeal was possession of illegal drugs that were not in plain view, having been found in a closed container in the vehicle. *See Gomez*, 1997–NMSC–006, ¶¶ 1, 6, 122 N.M. 777, 932 P.2d 1. We conclude that on the issue before us, *Garcia, Gomez*, and *Jones* are not distinguishable. Further, we fail to see how the character of the object seized permits us to ignore the established expectation of privacy one has as to interior vehicle space. *See Valdez*, 111 N.M. at 441, 806 P.2d at 581.

■ {8} *Garcia* and *Gomez* expressly determined that under Article II, Section 10 of the New Mexico Constitution, the interior of an automobile is itself an area in which there exists a constitutionally protected, reasonable expectation of privacy. In order to assert that a vehicle occupant has no reasonable expectation of privacy as to a particular object in plain view in the vehicle, the State must first prove a lawful intrusion into the constitutionally protected interior of the vehicle prior to seizure of the object. We are not prepared to hold that the circumstances in the present case are outside the reach of *Garcia, Gomez*, and *Jones*.

{9} The State also argues that the seizure of the methamphetamine in the present case was lawful under *State v. Sanchez*, 2005–NMCA–081, 137 N.M. 759, 114 P.3d 1075, and *State v. Foreman*, 97 N.M. 583, 642 P.2d 186 (Ct.App.1982). The State's reliance on these cases is misplaced. *Sanchez* held that under Article II, Section 10 exigent circumstances were not required to seize contraband discovered during a lawful patdown because "the privacy threshold ha[d] already been lawfully breached" by the lawful detention and patdown. 2005–NMCA–081, ¶ 18, 137 N.M. 759, 114 P.3d 1075. *Foreman* held that under the Fourth Amendment to the United States Constitution, a warrant was not required to seize contraband in plain view from a box inside the defendant's car because the police had lawfully breached the defendant's privacy interest in the box through a valid inventory search. 97 N.M. at 585, 642 P.2d at 188. In these two cases, the warrantless search barriers were lawfully overcome before the seizure of the contraband. Once the officers were lawfully in a position to seize the contraband, the seizures in those cases were constitutionally appropriate under the plain view doctrine. Unlike *Sanchez* and *Foreman*, in the present case the privacy interest threshold, which was the legitimate expectation in the privacy of the vehicle's interior space, was not lawfully breached before the seizure occurred.

{10} The State turns to *State v. Miles*, 108 N.M. 556, 775 P.2d 758 (Ct.App.1989), in arguing that an officer should be allowed to enter a vehicle to seize contraband in plain view. In *Miles*, an officer had stopped the defendant for speeding, and upon looking into the vehicle, saw a box which he immediately recognized as drug paraphernalia for marijuana. *Id.* at 557, 775 P.2d at 759. Applying federal precedent, this Court held that probable cause to believe that an item is subject to seizure, given the item's clear criminal nature, was sufficient to allow the seizure of the box from the vehicle. *Id.* at 558, 775 P.2d at 760. The State argues that, although *Miles* was decided before *Gomez*, which held that probable cause alone is not sufficient under New Mexico's Constitution, it was not overruled in *Jones* and it was cited with approval by the Supreme Court in *State v. Ochoa*, 2004–NMSC–023, ¶¶ 12–18, 135 N.M. 781, 93 P.3d 1286. We are not persuaded. In *Ochoa*, the Supreme Court relied on *Miles* for its analysis of a different issue: whether the officer in *Ochoa* had probable cause to believe that a vial contained drugs in light of the holding in *Miles* that the officer had probable cause to believe that the wooden box was drug paraphernalia. *Ochoa*, 2004–NMSC–023, ¶¶ 12–18, 135 N.M. 781, 93 P.3d 1286. In *Ochoa*, there was no entry into a vehicle; instead, the search during which the vial was seen was a patdown. *Id.* ¶ 10. *Ochoa's* reliance on *Miles*, therefore, is of no assistance to the State on the issue before us. As well, *Miles* was decided under

the federal standard allowing seizure of an item from a vehicle on probable cause alone, an application rejected under the more recent New Mexico Constitution standard applied in *Garcia, Gomez,* and *Jones.*

■ {11} In furtherance of its point on appeal, the State also asserts that our Supreme Court and this Court in *State v. Ryon,* 2005–NMSC–005, ¶ 23, 137 N.M. 174, 108 P.3d 1032, and *State v. Ponce,* 2004–NMCA–137, ¶ 25, 136 N.M. 614, 103 P.3d 54, acknowledged a reduced expectation of privacy attached to vehicles. The State argues that it is unreasonable to forbid seizure of "contraband that is illegal per se and left in plain sight of an officer making a lawful traffic stop of a vehicle driven on public roadways." The fact that there may exist, under certain circumstances, a reduced expectation of privacy with respect to vehicles does not permit or require a loosening of the constraints of *Garcia, Gomez,* and *Jones.* The federal automobile exception is based in part on the view that "a lesser expectation of privacy attaches to the contents of a motor vehicle." *Gomez,* 1997–NMSC–006, ¶ 34, 122 N.M. 777, 932 P.2d 1. The rejection of the federal automobile exception in *Garcia* and *Gomez* says to us that, under the seizure circumstances in the present case, the warrant requirements for seizure of drugs in a dwelling apply no less to seizure of drugs in a vehicle. *See Gomez,* 1997–NMSC–006, ¶ 39, 122 N.M. 777, 932 P.2d 1; *Jones,* 2002–NMCA–019, ¶ 14, 131 N.M. 586, 40 P.3d 1030.

■ {12} Along the same path, the State argues that the intrusion in the present case should be treated as de minimis and reasonable, as was the intrusion permitted in *State v. Romero,* 2002–NMCA–064, 132 N.M. 364, 48 P.3d 102. In *Romero,* this Court held that under the Federal and State Constitutions an officer could lawfully open the driver's door and inspect a secondary vehicle identification number on the door frame upon reasonable suspicion that the vehicle may be stolen. 2002–NMCA–064, ¶¶ 13, 21, 25, 132 N.M. 364, 48 P.3d 102. *Romero* is not of any assistance to the State. The activity in *Romero* was little different than an officer reaching into a vehicle to obtain a driver's identification and proof of insurance, a de

minimis and reasonable intrusion to obtain documents in which the driver's privacy interest is non-existent as to law enforcement. *See State v. Reynolds,* 119 N.M. 383, 386, 388, 890 P.2d 1315, 1318, 1320 (1995) (observing that drivers are required under law to provide driver's license and proof of insurance). We cannot place that sort of activity in the same camp with the criminal evidence seized in the present case. Officer Postlewait physically intruded into the interior of the vehicle through the open passenger window for the purpose of seizing contraband— evidence the possession of which by Defendant was unlawful. Under *Garcia, Gomez,* and also *Jones,* this type of entry into a vehicle is far from a de minimis intrusion, and it is significantly distinguishable from merely checking the vehicle identification number. The intrusion of the kind in the present case is one that, under *Garcia, Gomez,* and *Jones,* requires the heightened privacy protection of a warrant or else a showing of exigent circumstances.

{13} The State's arguments in support of the proposition that an officer should be able to reach into a vehicle to seize contraband in plain view, particularly when the occupant of the vehicle is not exhibiting any privacy interest by leaving the object in plain view, are appealing, but they cannot overcome the fact that the present case sits virtually on all fours with *Garcia, Gomez,* and *Jones.* In particular, in *Gomez* the question was whether the officer could lawfully search a vehicle without a warrant after seeing marijuana, which is inherently contraband, from outside the vehicle. *Gomez,* 1997–NMSC–006, ¶¶ 6, 10, 33, 122 N.M. 777, 932 P.2d 1. Our Supreme Court made it clear that, under Article II, Section 10 of the New Mexico Constitution, the observance of contraband in plain view in a vehicle, while giving an officer probable cause to search the vehicle, was not sufficient to overcome the warrant requirement. *Id.* ¶¶ 36–39. *Garcia* cites *Gomez* in support of the view that "even with an object in plain view, an officer may not enter the car and seize the object, without either consent, a warrant, or exigent circumstances." *Garcia,* 2005–NMSC–017, ¶ 29, 138 N.M. 1, 116 P.3d 72.

{14} The State in *Gomez* made an argument similar to its argument in the case before us. The argument urged the Court "to relax the warrant requirement in cases such as this on the grounds that there is no net benefit to the citizen by requiring a warrant where the officer has probable cause to search the vehicle" based on the observance of marijuana in plain view. *Gomez,* 1997–NMSC–006, ¶ 37, 122 N.M. 777, 932 P.2d 1. However, the Court rejected that argument given that the language of our State Constitution expresses a strong preference for a warrant. *Id.* ¶ 36. Elaborating, the Court stated that:

> By injecting a neutral magistrate into the process of searching a vehicle or containers within it, ... the law provides a layer of protection from unreasonable searches and seizures. By compelling the officer to show to a neutral magistrate facts from which that impartial judicial representative could conclude that probable cause exists to justify searching that vehicle and its containers for contraband, the law enforcement organizations of this state are prevented from allowing the competitive pressures of fighting crime to compromise their judgment about whether or not to carry out a given search.

*Id.* ¶ 38. The Court also stated:

> Article II, Section 10 of the New Mexico Constitution states "[t]he people shall be secure ... from unreasonable searches and seizures, and no warrant shall issue without describing the place to be searched, or the persons or things to be seized, nor without a written showing of probable cause." In interpreting our search and seizure provision, this Court consistently has expressed a strong preference for warrants.... The judicial warrant has a significant role to play in that it provides the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer engaged in the often competitive enterprise of ferreting out crime. Once a lawful search has begun, it is also far more likely that it will not exceed proper bounds when it is done pursuant to a judicial authorization particularly describing the place to be searched and the persons and things to be seized. Further, a warrant assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search.

*Id.* ¶ 36 (internal quotation marks and citations omitted).

{15} The Court made no distinction in these statements between privacy and possessory interests, and included "seizure" of things along with "search" in the context of both vehicle and contraband in plain view in the vehicle. The Court concluded by stating that "if there is no *reasonable* basis for believing an automobile will be moved or its search will otherwise be compromised by delay, then a warrant is required." *Id.* ¶ 44. We fail to see how *Gomez* can be ignored in the present case where the State failed to get a warrant and failed to prove exigent circumstances.

{16} The present case and two cases that we are filing concurrently raise, in our view, the question whether our Supreme Court should revisit *Garcia* and *Gomez.* In *State v. Weidner,* 2007–NMCA–063, 141 N.M. 582, 158 P.3d 1025 (filed April 12, 2007), we reverse the suppression of illegal drugs seized where the defendant was in the vehicle at the time of the plain view seizure and was afterwards immediately arrested, whereas, in the present case we affirm suppression of the illegal drugs where Defendant was first removed from the vehicle and arrested before the simultaneous plain view seizure. *State v. Rowell,* 2007–NMCA–075, 141 N.M. 783, 161 P.3d 280, 2007 WL 1813204 (2007), is similar to *Weidner.* We question the rational basis for a distinction between the circumstances in the present case and those in *Rowell* and *Weidner.* However, as they stand, *Garcia* and *Gomez,* and our *Jones* case which follows suit, control the outcome under the present facts, requiring us to affirm the district court's suppression of the methamphetamine.

## CONCLUSION

{17} Under *Garcia* and *Gomez,* along with the precedent of this Court set in *Jones,* Article II, Section 10 of the New Mexico

Constitution require a warrant or the existence of a recognized exception to the warrant requirement in order to justify the officer's seizure of the methamphetamine from Defendant's vehicle following Defendant's arrest outside the vehicle. None being shown to exist, the seizure was unlawful. We affirm the district court's suppression of the methamphetamine.

{18} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO, Judge and CYNTHIA A. FRY, Judge (specially concurring).

FRY, Judge (specially concurring).

{19} I write separately to highlight the difficulties inherent in our opinion and in the case law we rely on. While the result we reached is the one compelled by *Garcia, Gomez,* and *Jones,* I am troubled that this precedent precludes a police officer from reaching into a motor vehicle to seize obvious contraband from a location in the vehicle's interior that is plainly visible from outside the vehicle. In my view, if it weren't for the trio of *Garcia, Gomez,* and *Jones,* our jurisprudence would permit such a seizure, even under the more expansive protections provided by our State Constitution.

{20} Any analysis in this area should begin with the interests to be protected by the constitutional provisions at issue. As noted in *Foreman* and *Sanchez,* the search aspect of Article II, Section 10 of the State Constitution and the Fourth Amendment of the United States Constitution "protects expectations of privacy, while the seizure aspect protects notions of possession, at least insofar as it applies to objects." *Sanchez,* 2005–NMCA–081, ¶ 17, 137 N.M. 759, 114 P.3d 1075; *Foreman,* 97 N.M. at 585, 642 P.2d at 188 (regarding the Fourth Amendment). In the case of contraband viewed from outside a car, then, we are confronted with the privacy interest in the interior of a car and the possessory interest in the object seen.

{21} The first threshold is the privacy interest. In *State v. Warsaw,* 1998–NMCA–044, ¶ 14, 125 N.M. 8, 956 P.2d 139, we said that "[a] search is an intrusion on a legitimate expectation of privacy" and that "[t]o determine whether an individual has a legitimate expectation of privacy, we consider: (1) whether the individual's conduct demonstrated a subjective expectation of privacy, and (2) whether society recognizes the individual's expectation of privacy as reasonable." Here, Officer Briseno saw, through the open passenger window, methamphetamine in the gap between the driver and passenger seats. We can reasonably conclude that Defendant did not demonstrate a subjective expectation of privacy in this clearly visible area of his car. Even if he did have such an expectation, society would not recognize as reasonable an expectation of privacy in this visible area of the car's interior. As a result, Officer Postlewait's reaching into the car through the open window would not be deemed "an intrusion on a legitimate expectation of privacy." *Id.* Once "the privacy threshold ha[d] already been lawfully breached[,]" *Sanchez,* 2005–NMCA–081, ¶ 18, 137 N.M. 759, 114 P.3d 1075, seizure of the methamphetamine was permissible because it "was not an item which [D]efendant had a lawful right to possess." *Foreman,* 97 N.M. at 585, 642 P.2d at 188.

{22} If it were not for *Garcia* and *Gomez,* we could distinguish the circumstances presented here—obvious contraband plainly visible from outside a motor vehicle-from the circumstances in *Valdez,* 111 N.M. 438, 806 P.2d 578. In *Valdez,* we held that the officers' observation of marijuana plants from outside a residence's greenhouse did not authorize their warrantless entry into the greenhouse and seizure of the plants, absent some exception to the warrant requirement. *Id.* at 440–41, 806 P.2d at 580–81. The situation in *Valdez* involved entry into a residence, while the present case involves a reach into a motor vehicle, where there is, at least in some cases, a reduced expectation of privacy. *See Ryon,* 2005–NMSC–005, ¶ 23, 137 N.M. 174, 108 P.3d 1032 ("A lesser expectation of privacy attaches to a vehicle."). By permitting seizure of obvious contraband plainly visible inside an automobile, we would acknowledge this reduced expectation of privacy while still adhering to our rejection of the federal bright-line automobile exception. But we are constrained by *Garcia* and *Go-*

*mez,* which appear to equate the expectation of privacy in an automobile with the expectation of privacy in a home.

{23} If it were not for *Gomez,* I would be persuaded by the State's argument that *Garcia* and *Jones* can be distinguished from the present case because the objects seized in those cases were not objects that were patently unlawful to possess. But *Gomez* and its uncompromising language present a distinct barrier, and *Garcia* and *Jones* both relied on *Gomez.* In the face of this precedent, we have no choice but to decide this case as we do. *See Alexander v. Delgado,* 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that Court of Appeals is bound by Supreme Court precedent).