This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

  Plaintiff-Appellee,

v.               **NO. 29,105**

**LUIS CIPRIANO**,

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Margaret, McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for possession of a firearm by a felon, receiving stolen property, and conspiracy to commit receiving stolen property. The conviction for possession of a firearm by a felon was pursuant to a conditional guilty plea in which Defendant reserved the right to appeal the district court's ruling on his suppression motion. The convictions for receiving stolen property and conspiracy to commit receiving stolen property were pursuant to a jury verdict. Defendant challenges the denial of his motion to suppress with respect to the firearm that formed the basis of all three convictions. We affirm the district court.

**BACKGROUND**

The residence of Brandon Young was burglarized, and six firearms were stolen. Young reported the burglary to police and provided police with information he received in a telephone call from an anonymous source, including Defendant's name, address, a description of the residence where the firearms were located, and a serial number from one firearm that matched the number on one of the stolen guns. Young testified that, when speaking with the informant, he recognized four of the six guns described as guns stolen from him. Young was told that the firearms would be transported to Mexico to be sold.

On the day the guns were reportedly going to be transported, officers went to the residence to investigate the situation. They observed the arrival of two individuals in a truck and then encountered two more individuals exiting the residence; one of the

men was Defendant, and he was holding a gun case that appeared to contain a rifle. Officer Molenda believed that the rifle might be one of the stolen weapons. The officers drew their weapons, ordered Defendant and the other man to the ground, and handcuffed them. While the officers were securing Defendant and the other individual, a third person came around to the front of the trailer, and he was also secured. Based on his concern for a child left in the residence, Defendant gave officers permission to enter the residence to retrieve the child. While inside the residence, the officer noticed another weapon. Based on their belief that they had verbal and written consent to enter the residence, officers entered the home and retrieved five weapons.

Before trial, Defendant moved to suppress "physical evidence and statements seized as a result of the illegal search and seizure of [Defendant's] property, and any incriminating statements made as a result of the illegal search and seizure." After a hearing, the district court found that once Defendant was placed on the ground and handcuffed, he was in custody and should have been provided *Miranda* warnings. The district court granted Defendant's motion to suppress all statements or evidence, with the exception of the gun in the rifle bag that was in Defendant's possession when police arrived at the residence. On the day of trial, at a pretrial conference, Defendant renewed his motion to suppress the gun found in the rifle bag. Defendant argued that the officers had no probable cause to open the gun bag, and the gun was not in plain

3

view. The district court ruled that the officers had "seen what was obviously a firearm" in Defendant's possession and denied the motion. Defendant appeals the ruling with respect to his suppression motion.

**DISCUSSION**

On appeal, Defendant argues that the rifle case and its contents should have been suppressed on the same basis used to suppress the firearms in the residence. Defendant claims that officers did not obtain a search warrant, and the information from the anonymous tipster was not sufficiently reliable to support the issuance of a search warrant.[1] Defendant also claims that the seizure of the gun case did not fall within the plain view exception to the requirement for a search warrant.

The denial of a motion to suppress evidence seized during a warrantless search involves a mixed question of fact and law. *State v. Rowell*, 2008-NMSC-041, ¶ 8, 144 N.M. 371, 188 P.3d 95. We view the facts in the light most favorable to the district court's decision, deferring to those factual findings that are supported by substantial

---

[1]Defendant makes a contrary argument in his brief, stating that he "appeals the portion of [the district court] ruling permitting the police to use the fruit of their illegal search and, below, the use of [Defendant's] un-*Mirandized* statements to obtain a search warrant and also denying the suppression of the fruit from that second search." We read Defendant's statement as suggesting that police used his statements to obtain a warrant in order to search the gun case taken from Defendant. There is nothing in the record to support a claim that police ever obtained a search warrant, and there is nothing in the record to show when the gun case was opened or searched. "Matters not of record present no issue for review." *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296.

evidence, and recognizing that the district court is in the best position to resolve conflicts in the evidence and evaluate the credibility of the witnesses. *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. We review de novo the application of the law to those facts and determine whether the search or seizure was constitutionally reasonable. *State v. Hand*, 2008-NMSC-014, ¶ 6, 143 N.M. 530, 178 P.3d 165. The ultimate question with respect to an alleged search and seizure violation is whether the search and seizure was reasonable. *State v. Martinez*, 94 N.M. 436, 440, 612 P.2d 228, 232 (1980).

**Record on Appeal and Preservation of Issues**

Before addressing the parties' substantive arguments, we are compelled to discuss the state of the record presented to this Court on appeal and the preservation of issues raised by Defendant in this appeal. First, Defendant claims that he moved to suppress evidence under both the state and federal constitutions. Contrary to that claim, Defendant did not mention or cite to the state constitution or to any applicable state cases in his suppression motion, at the suppression hearing, or at the pretrial conference. *See State v. Leyva*, 2011-NMSC-009, ¶ 49, ___ N.M. ___, ___ P.3d ___ (No. 32,067, February 17, 2011) ("Rule 12-216(A)'s preservation requirements are straightforward: To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked . . . . Where a state constitutional provision has previously been interpreted more expansively than its federal

counterpart, trial counsel must develop the necessary factual base and raise the applicable constitutional provision in trial court." (emphasis, internal quotation marks, and citation omitted)). Defendant did not take the steps necessary to properly preserve his claims under our state constitution. Therefore, we address Defendant's claims under the Fourth Amendment to the federal constitution.[2]

In addition, the record on appeal is lacking information necessary to address many of Defendant's arguments. Defendant did not designate for appeal the entire trial transcript or even portions of the trial transcript that might include references to the rifle that the district court refused to suppress, including when or under what authority the rifle bag was actually opened, whether there were objections to the evidence or testimony presented with respect to the rifle bag or its contents, and what rulings, if any, were made by the district court. *See State v. Jim*, 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct. App. 1988) (explaining that the appellant has the burden to bring up a record sufficient for review of the issues presented on appeal); *see also State v. Romero*, 87 N.M. 279, 280, 532 P.2d 208, 209 (Ct. App. 1975) (refusing to review denial of motion to suppress because record did not include a particular

---

[2]We note that, for a warrantless public arrest under our constitution, the officer must have probable cause that the person arrested has committed or is committing a felony, and there must be some exigency that precludes the officer from waiting to obtain a search warrant, both of which were present here as discussed in this opinion. *See State v. Saiz*, 2008-NMSC-048, ¶ 13, 144 N.M. 663, 191 P.3d 521, *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783.

6

transcript).  Defendant also presented or elicited little evidence pertaining to his arguments on appeal, which resulted in a limited factual basis for addressing the issues on appeal.  *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs.").

Defendant had the initial burden of coming forward with evidence sufficient to raise an issue as to the legality of a search and seizure.  *See State v. Gardner*, 95 N.M. 171, 175, 619 P.2d 847, 851 (Ct. App. 1980).  The burden then shifted to the State to show that the search and seizure was justified based on an exception to the requirement for a warrant.  *See State v. Ponce*, 2004-NMCA-137, ¶ 7, 136 N.M. 614, 103 P.3d 54; *see also State v. Duffy*, 1998-NMSC-014, ¶ 61, 126 N.M. 132, 967 P.2d 807 (listing recognized exceptions to warrant requirement as exigent circumstances, consent, searches incident to arrest, plain view, inventory searches, open field, and hot pursuit), *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, 141 N.M. 185, 152 P.3d 828.

In his motion to suppress, Defendant described the events that occurred and alleged that the officers did not seek a search warrant, that the information that formed the basis of the investigation was not reliable or accurate, that Defendant's verbal and written consent was invalid, and that any evidence seized was the fruit of an unlawful search.  Defendant stated generally that the search and seizure did not fall within any

7

recognized exception to the warrant requirement. In response, the State argued that the information from the anonymous tipster was reliable and provided police with reasonable suspicion to investigate and that a number of exceptions justified the search, including exigent circumstances, consent, plain view, and inevitable discovery pursuant to an inventory search.

At the suppression hearing, Defendant concentrated his examination of the witnesses and his argument to the district court on the failure to secure a warrant, his verbal and written consents to search the residence or seize evidence, the reliability of the information from the anonymous informant, and his claim that he was in custody and had not been read *Miranda* warnings. Defendant did not elicit testimony or make arguments challenging the State's claims regarding exigent circumstances, plain view, or inevitable discovery.

At the pretrial conference, Defendant argued that (1) the information from the anonymous informant was unreliable, (2) the officers had no authority to place Defendant in custody without *Miranda* warnings, (3) "at that point" officers had no probable cause to open the gun case, and (4) the search of the gun case was not justified by the "plain sight" exception. Defendant's entire argument made at the pretrial conference was challenging the opening of the gun case in order to obtain the serial number from the gun. The district court stated that the officer had "seen what

8

was obviously a firearm in [Defendant's] possession" and ruled that the rifle would not be suppressed.

Because Defendant did not present evidence to refute the State's reliance on exigent circumstances, plain view, or inevitable discovery, the record before us is deficient in that many of the arguments made by Defendant on appeal are not supported by evidence presented to the district court. When we are provided with a doubtful or deficient record, we indulge every reasonable presumption in support of the ruling of the district court, including the presumption that the district court believed all uncontradicted evidence, and we indulge all inferences in support of the district court's ruling. *See State v. Jason L.*, 2000-NMSC-018, ¶ 11, 129 N.M. 119, 2 P.3d 856. We now turn to the issues Defendant raises on appeal.

**Information From Anonymous Informant**

The officers were told by the owner of the guns that an anonymous informant had provided information about the location of the guns, that the person associated with the location was Defendant, and a serial number from one of the guns. Defendant claimed that the information was not proven to be reliable and could not be used to support the officers' actions.

The district court did not make a ruling on the validity of the information from the anonymous informant. However, even if a tip has a low degree of reliability, reliability can come from other details that corroborate the information included in the

9

tip. *See Urioste*, 2002-NMSC-023, ¶¶ 16-17. Where "enough familiarity with a suspect's affairs is shown by the predictions in an anonymous tip, no overtly criminal behavior need be observed." *Id.* ¶ 16. Here, the officers had information about the location of stolen weapons, including a detailed description of the residence and the name of the person associated with the residence, and the officers had information that there was a plan to move the weapons out of the country on a specific day. Police used a database to confirm that the person named by the informant was associated with the residence at the address they were given. On the day that the weapons were reportedly being moved, officers went to the residence to investigate. The officers observed two males arriving at the residence in a truck and observed Defendant leaving the residence and carrying a gun case that appeared to contain a rifle. Based on the corroboration of the information from the anonymous informant, the information was reliable and provided at least reasonable suspicion for the officers' further investigation. *See Urioste*, 2002-NMSC-023, ¶¶ 16-17.

**Exigent Circumstances**

When the officers began their investigation regarding information about the theft of several firearms, they encountered five different individuals, including Defendant, in different areas outside the residence. Defendant was carrying a rifle bag

10

that appeared to contain a rifle, and that led Officer Molenda to believe the case contained one of the stolen weapons. Due to concerns about officer safety, Defendant was ordered to the ground. At that point, the officers did not know if anyone else was inside the residence as they had already encountered a number of individuals since their arrival, and they had information that there were several stolen weapons at the residence. Because the officers testified that they were concerned about safety and that testimony was not refuted, we can presume that the rifle case was removed from Defendant's control when he was ordered to the ground, and the contents were secured at that time. *See Jason L.*, 2000-NMSC-018, ¶ 11 (explaining that where record is deficient, appellate court indulges every reasonable presumption and indulges all inferences in favor of the ruling of the district court). The State argued that the police actions were justified under the exigent circumstances exception to the warrant requirement.

We cannot discern from the record what the officers did with the gun case once they seized it. Exigent circumstances arise when an officer encounters an emergency situation that requires the officer to take "swift action to prevent imminent danger to life or serious damage to property." *State v. Gomez*, 1997-NMSC-006, ¶ 39, 122 N.M. 777, 932 P.2d 1 (internal quotation marks and citation omitted). In this case, the officers had information about several stolen guns at the address, had encountered a number of individuals upon arrival at the residence, did not know how many people

11

were located in or around the residence, and observed Defendant carrying what the officers reasonably believed was one of the stolen weapons. Therefore, it was reasonable for the officers to take the rifle case, remove the weapon from the immediate control of any individual that might gain possession of it, and secure the weapon that was inside the case in order to ensure officer safety. *See State v. Gutierrez*, 2004-NMCA-081, ¶¶ 10, 12, 136 N.M. 18, 94 P.3d 18. The seizure and search of the gun case were justified based on the exigent circumstances exception to the requirement for a warrant.

Defendant suggests that the officers were in an area where he had a reasonable expectation of privacy when they encountered Defendant. Defendant did not present any evidence to the district court to support his claim that the area approaching the door of the residence was an area of the property in which Defendant had a reasonable expectation of privacy. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10 (stating that appellate court will not consider issues not raised in the trial court). Moreover, based on our standard of review, the officers had reasonable suspicion to approach the residence in order to gather information pertaining to their investigation. Officer Molenda testified that they went to the residence to conduct a "knock and talk" based on the information that there were stolen weapons at the residence. The "knock and talk" procedure is valid under the federal constitution and our state constitution. *See State v. Flores*, 2008-NMCA-074, ¶¶ 8, 17, 144 N.M. 217, 185 P.3d 1067. An officer

may approach a person to conduct an investigation if, based on the totality of the circumstances, the officer has reasonable suspicion that the individual is engaged in or is about to be engaged in criminal activity. *See State v. Patterson*, 2006-NMCA-037, ¶ 15, 139 N.M. 322, 131 P.3d 1286. Here, the officers had reasonable suspicion that Defendant was engaged in criminal activity based on the information from the informant and the information from the database. Based on the totality of the circumstances, the officers had reasonable suspicion to approach the residence in furtherance of their investigation.

**Plain View**

As previously discussed, we hold that the seizure and search of the rifle case was justified under the exigency exception to the warrant requirement. Defendant did not challenge the State's exigency argument but did challenge the right to open the rifle case in order to obtain the serial number based on the plain view exception. We discuss plain view and hold that the plain view exception provides another ground on which to affirm the denial of Defendant's motion to suppress.

Defendant argues that the plain view exception is not applicable because there was no probable cause to believe that the rifle case contained contraband or evidence of a crime so that the incriminating nature of the gun case was not "immediately apparent." Defendant argues that the serial number, which tied the gun in the case to

13

criminal activity, was not in plain view. Instead, the officers had to unlawfully search the gun case to discover the serial number.

"Under the plain view exception to the warrant requirement, items may be seized without a warrant if the police officer was lawfully positioned when the evidence was observed, and the incriminating nature of the evidence was immediately apparent, such that the officer had probable cause to believe that the article seized was evidence of a crime." *State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286. The determination of probable cause is based on how the circumstances appeared to a trained officer. *Id.* The general rule is that, absent evidence directly linking a defendant to criminal activity, a search warrant is required prior to opening sealed containers. *See State v. Miles*, 108 N.M. 556, 558, 775 P.2d 758, 760 (Ct. App. 1989). However, we have also recognized that not all containers that the police find during the course of a search are entitled to full protection under the Fourth Amendment. *Id.* Some containers, including a gun case, are not subject to any reasonable expectation of privacy because of the distinctive nature of their outward appearance. *Id.* at 558-59, 775 P.2d 760-61. The nature of the container's outward appearance and an officer's experience and training, considered within the context of the incident, may permit the officer to identify the criminal nature of the contents of a container sufficient to satisfy probable cause. *See Ochoa*, 2004-NMSC-023, ¶ 13.

At the time the officers observed Defendant carrying the rifle case, they had information regarding stolen guns at the residence that were to be moved out of the country, one officer believed that the gun case contained a rifle, and that officer believed that the rifle might be one of the guns that were stolen. Based on this, and based on the outward appearance of the rifle case that led to a reasonable inference that there was a rifle inside, there was probable cause to support seizure of the gun case as evidence of a crime, *see id.* ¶ 9, and no warrant was required to open the gun case and view the serial number. *Miles*, 108 N.M. at 559, 775 P.2d at 761. The denial of Defendant's suppression motion was warranted based on the plain view exception to the warrant requirement.

**CONCLUSION**

For the reasons discussed in this opinion, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

15

_____

**JAMES J. WECHSLER, Judge**