**Certiorari Denied, No. 31,951, October 6, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-127**

**Filing Date:    August 20, 2009**

**Docket No. 27,891**

**STATE OF NEW MEXICO,**

        **Plaintiff-Appellee,**

**v.**

**DONALD LOPEZ,**

        **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**CASTILLO, Judge.**

**{1}**      Defendant appeals his convictions for possession of a controlled substance, driving while under the influence (DWI), and possession of drug paraphernalia (current convictions), as well as the enhancement of his sentence based on prior convictions for DWI. We hold that Defendant's Fourth Amendment and speedy trial rights were not violated and that his

1

current convictions were supported by substantial evidence. As to his prior DWI convictions, however, we hold that there was insufficient evidence presented and reverse on this issue. Accordingly, we affirm Defendant's current convictions but remand for resentencing consistent with this opinion.

## I.   BACKGROUND

{2}    At approximately 2:45 a.m. on May 8, 2006, Officer Cullison of the Clovis Police Department initiated a traffic stop after observing Defendant towing a trailer missing a tail light and a license plate. When he approached, Officer Cullison noticed that Defendant was very nervous and that his responses were inconsistent. At that point, Officer Cullison ran a check on Defendant's driver's license and discovered that Defendant's license had been revoked, thereby subjecting him to immediate arrest. Accordingly, Officer Cullison took him into custody.

{3}    Officer Borders, who had arrived when Officer Cullison took Defendant into custody, conducted an inventory of Defendant's car. In the center console of the vehicle, Officer Borders discovered a cell phone case containing a glass pipe wrapped in a napkin. In the pipe was a white powdery residue. Because it was immediately apparent to the officers that the pipe was used for the consumption of narcotics, it was taken as evidence.

{4}    Officer Cullison then took Defendant to the Curry County Detention Center, administered a series of field sobriety tests, and concluded that Defendant was under the influence. A subsequent blood test revealed the presence of methamphetamine. The State's toxicologist testified that the level of methamphetamine in Defendant's blood was sufficient to result in impairment.

{5}    Defendant was tried and convicted of DWI, possession of a controlled substance, and possession of drug paraphernalia. This appeal followed.

## II.   DISCUSSION

{6}    Defendant raises four issues on appeal. He challenges (1) the denial of his motion to suppress evidence that was seized from his vehicle, (2) the denial of his motion to dismiss the charges on speedy trial grounds, (3) the sufficiency of the evidence to support his possessory convictions, and (4) the sufficiency of the evidence to establish that he has six prior convictions for DWI. We address each argument in turn.

### A.   Motion to Suppress

{7}    "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations[,] which are subject to a substantial evidence standard of review and application of law to the facts[,] which is subject to de novo review." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442 (second alteration in

original) (internal quotation marks and citation omitted). "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.

**{8}** On the morning of trial, Defendant orally moved to suppress the pipe seized from the vehicle. In response, the State first observed that the motion was untimely and, second, asserted that the pipe was obtained in the course of a valid inventory search of the vehicle. Defendant contended that even if the police were permitted to conduct an inventory search, the seizure was improper because a warrant was required before the pipe could be seized. The State countered that the seizure was permissible under the plain view doctrine. The district court found the State's argument to be persuasive and denied the motion.

**{9}** "Under Article II, Section 10 of our New Mexico Constitution, a warrantless search of a vehicle or warrantless seizure of an object from within a vehicle requires a particularized showing of exigent circumstances or some other recognized exception to the warrant requirement." *State v. Bomboy*, 2007-NMCA-081, ¶ 4, 141 N.M. 853, 161 P.3d 898, *rev'd on other grounds*, 2008-NMSC-029, 144 N.M. 151, 184 P.3d 1045. In this case, we conclude that the search of the vehicle and the subsequent seizure of the pipe from within the center console were supported by established exceptions to the warrant requirement. We begin with the search.

**{10}** Defendant's car was towed and impounded subsequent to his arrest and, as the officers testified below, standard practice entails an inventory of the contents of such vehicles. Taking an inventory of vehicle contents before towing and impoundment is a well-recognized exception to the warrant requirement. *See generally State v. Ruffino*, 94 N.M. 500, 501-02, 612 P.2d 1311, 1312-13 (1980) (identifying inventory searches as an exception to warrant requirements and observing the widespread recognition of the doctrine); *State v. Nysus*, 2001-NMCA-102, ¶ 26, 131 N.M. 338, 35 P.3d 993 ("Inventory searches are well established as an exception to the warrant requirement of the Fourth Amendment.").

**{11}** "[T]he scope of a permissible inventory search is broad[.]" *State v. Shaw*, 115 N.M. 174, 177, 848 P.2d 1101, 1104 (Ct. App. 1993). "[I]tems need not be in plain sight to be subject to an inventory search." *Ruffino*, 94 N.M. at 502, 612 P.2d at 1313. To the contrary, the opening of compartments and closed containers is generally permissible. *See State v. Boswell*, 111 N.M. 240, 242, 804 P.2d 1059, 1061 (1991) ("Containers found in a lawfully[]impounded vehicle properly may be inventoried."); *Shaw*, 115 N.M. at 177, 848 P.2d at 1004 (observing that an inventory search "may permit . . . that every item or container . . . be opened and searched"). Consequently, the opening of the center console and the cell phone case does not require an independent legal justification. *See State v. Vigil*, 86 N.M. 388, 391, 524 P.2d 1004, 1007 (Ct. App. 1974) (holding that where "the initial intrusion into a vehicle which is lawfully in police custody is justified, an inventory of the contents of closed containers is also justified"). We thus turn to consider the seizure of the pipe and napkin.

3

**{12}** Once the pipe was discovered in the course of the inventory, the plain view exception to the warrant requirement supported its seizure.

> Under the plain view exception to the warrant requirement, items may be seized without a warrant if the police officer was lawfully positioned when the evidence was observed, and the incriminating nature of the evidence was immediately apparent, such that the officer had probable cause to believe that the article seized was evidence of a crime.

*State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286. In this case, Officers Borders and Cullison testified that they immediately recognized the pipe and white powdery residue as associated with the smoking of narcotics. *See id.* ¶ 13 ("An officer's experience and training, considered within the context of the incident, may permit the officer to identify drug paraphernalia or drug packaging[.]"). Because the pipe was clearly contraband, it could properly be seized pursuant to the plain view doctrine, and no warrant was required. *See State v. Foreman*, 97 N.M. 583, 584-85, 642 P.2d 186, 187-88 (Ct. App. 1982) (observing that contraband which is discovered in the course of an inventory search may be seized pursuant to the plain view doctrine without a warrant).

**{13}** Relying on *State v. Gomez*, 1997-NMSC-006, 122 N.M. 777, 932 P.2d 1 and *Ruffino*, Defendant argues that the plain view doctrine cannot support the seizure of the pipe. This Court addressed the first part of Defendant's contention in *Bomboy*, a case in which we explained that the plain view doctrine is inadequate to support the seizure of contraband from the inside of a vehicle only when an officer lacks a valid basis for searching the vehicle. 2007-NMCA-081, ¶ 6. Unless a valid exception is recognized, we require the issuance of a valid warrant prior to the search of a vehicle in New Mexico. *Gomez*, 1997-NMSC-006, ¶¶ 36-40. In *Gomez*, the exigent circumstances exception was recognized as the valid exception relied upon for the warrantless search of the defendant's vehicle. *Id.* ¶¶ 41-43. In the present case, the inventory doctrine provided a valid basis for the warrantless entry of the vehicle, and therefore the subsequent warrantless seizure of the pipe pursuant to the plain view doctrine meets the requirement of *Gomez*. *See Bomboy*, 2007-NMCA-081, ¶ 6. Defendant's reliance on *Ruffino* is similarly misplaced. Although *Ruffino* contains language suggesting that a warrant "should normally be obtained" before evidence is seized in the course of an inventory search, 94 N.M. at 502, 612 P.2d at 1313, this Court has not required a warrant if the evidence in question is patently contraband. *See Foreman*, 97 N.M. at 584-85, 642 P.2d at 187-88 (distinguishing *Ruffino* because the evidence in that case was "not necessarily criminal in nature"). In this case, the officers immediately recognized the pipe and residue as contraband and, therefore, no warrant was required. *See Foreman*, 97 N.M. at 584-85, 642 P.2d at 187-88. (concluding that no warrant was required in order to seize drugs, drug paraphernalia, and a weapon that were discovered in the course of an inventory search). Accordingly, we reject Defendant's assertion that the warrantless seizure of the pipe was impermissible.

**{14}** In his briefs on appeal, Defendant seeks to expand his arguments. Specifically, Defendant now contends that the inventory search was invalid because the officers failed to articulate sufficiently clear policies and procedures governing such activities and because the scope of the search exceeded the legitimate purposes of the inventory. Defendant does not provide us with any citation to the record indicating that he made this argument to the district court. *See* Rule 12-213(A)(4) NMRA (requiring a party to include "a statement explaining how the issue was preserved in the court below"). Although the State has not relied on Defendant's failure to preserve the arguments that he makes on appeal, it is well established that "[w]here defendants have failed to comply with [Rule 12-213], . . . an appellate court may decline to address such contention on appeal." *State v. Nozie*, 2009-NMSC-018, ¶ 15, 146 N.M. 142, 207 P.3d 1119 (second and third alterations in original) (internal quotation marks and citation omitted). Our review of the record revealed no argument by Defendant questioning whether the officers acted within an established policy or whether the search exceeded the scope of an inventory. *See State v. Boergadine*, 2005-NMCA-028, ¶ 30, 137 N.M. 92, 107 P.3d 532 ("Without an appropriate cite to the record, we do not comb the record to find whether an issue was properly preserved.").

**{15}** Before trial, Defendant challenged the search by arguing that it could not be considered a search incident to arrest, and he challenged the seizure based on Officer Borders' failure to obtain a warrant. During trial, Defendant cross-examined the officers regarding their training, but he did not renew his earlier motion to suppress at that time. Nor did he raise the issue regarding the policy or the scope of the search in his motion for a directed verdict. Defendant did not alert the district court at any time to his current arguments and, as a result, the district court did not consider these arguments as the basis for its ruling on suppression. *See State v. Elliott*, 2001-NMCA-108, ¶ 21, 131 N.M. 390, 37 P.3d 107 ("Our case law is clear that in order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon.").

**{16}** The preservation rule "serves many purposes: it provides the lower court an opportunity to correct any mistake, it provides the opposing party a fair opportunity to show why the court should rule in its favor, and it creates a record from which this Court may make informed decisions." *State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 (internal quotation marks and citation omitted). Defendant did not provide the district court or the State with an opportunity to address these arguments, either at the suppression hearing or later, during cross-examination. Consequently, we are without a proper record and decline to address Defendant's unpreserved arguments.

**{17}** Because the search was a proper inventory search and because the seizure is justified by the plain view doctrine, we uphold the denial of Defendant's motion to suppress and turn to consider whether his Sixth Amendment speedy trial right was violated.

**B.    Speedy Trial Motion**

**{18}** When reviewing a district court's denial of a motion to dismiss on speedy trial grounds, we give deference to the court's factual findings. *State v. Urban*, 2004-NMSC-007, ¶ 11, 135 N.M. 279, 87 P.3d 1061. Weighing and balancing the various factors is a legal determination that we review de novo. *See id.*

**{19}** To briefly summarize the relevant time frame, Defendant was arrested on May 8, 2006, and a criminal complaint was filed in magistrate court on May 10, 2006. This complaint was dismissed when the State decided to pursue felony charges in district court. A criminal information was filed in district court on September 15, 2006. Defendant was ultimately tried and convicted on June 28, 2007. Defendant contends that the delay between the arrest and the trial was impermissibly long and that his convictions should be overturned on speedy trial grounds.

**{20}** When evaluating a speedy trial claim, the Court must consider the following factors: (1) the length of the delay, (2) the reasons given for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant. *Id.* We begin by considering the length of the delay.

**1. Length of Delay**

**{21}** "Initially, the length of delay must cross a threshold to establish a presumption of prejudice and to trigger further inquiry into the other factors." *Id.*; *see State v. Garza*, 2009-NMSC-038, ¶ 21, 146 N.M. 499, 212 P.3d 387 ("[A] 'presumptively prejudicial' length of delay is simply a triggering mechanism[.]"). Our Supreme Court has recently reevaluated and increased the length of delay that must ensue in order to trigger the remaining factors. *See Garza*, 2009-NMSC-038, ¶ 48 (adopting a one-year threshold for simple cases, a fifteen-month threshold for cases of intermediate complexity, and an eighteen-month threshold for complex cases). The *Garza* Court made clear, however, that the new thresholds apply only to those cases where the defendant's motion to dismiss on speedy trial grounds was filed "on or after August 13, 2007." *Id.* ¶ 50. Defendant filed his motion on April 13, 2007. Therefore, we apply the pre-*Garza* standard in order to determine whether the delay surpassed the threshold and whether further analysis is necessary. *See id.* Under the law at the time that the motion to dismiss was filed, a delay of nine months was sufficient to establish a presumption of prejudice in a simple case. *Salandre v. State*, 111 N.M. 422, 428, 806 P.2d 562, 568 (1991).

**{22}** In the present case, the parties disagree about when Defendant's speedy trial right attached to the charges. The State argues—without argument or citation to authority—that Defendant's right attached when the criminal information was filed in district court on September 15, 2006. Defendant simply states that he was incarcerated for fourteen months, counting from arrest to trial, and that he was incarcerated for nine and a half months, counting from district court indictment to trial. He does not argue which is the proper time frame. The question of when the Sixth Amendment speedy trial right attached to the magistrate court misdemeanor charges that were dismissed, refiled, and elevated to felony

6

charges has not been adequately briefed. Because the delay is greater than nine months by either calculation, thus triggering the remainder of the speedy trial analysis, we do not decide when Defendant's right attached. *See State v. Nozie*, 2009-NMSC-018, ¶ 15, 146 N.M. 142, 207 P.3d 1119 ("When a criminal conviction is being challenged, counsel should properly present [the reviewing] court with the issues, arguments, and proper authority. Mere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure." (alteration in original) (internal quotation marks and citation omitted)). Further, by either calculation, the delay was only minimally over the presumptively prejudicial period and, as a result, "this factor will not have a large practical effect on the balancing." *State v. White*, 118 N.M. 225, 226, 880 P.2d 322, 323 (Ct. App. 1994); *see Garza*, 2009-NMSC-038, ¶ 24 ("[T]he greater the delay the more heavily it will potentially weigh against the [s]tate."). We now turn to the remaining factors.

## 2.     Reasons for Delay

**{23}**     Under the second factor, we consider the reasons for the delay by dividing the period of delay into segments. The first period of delay is from Defendant's arrest on May 6, 2006, until Defendant's arraignment on October 2, 2006. The second period is from the arraignment until the first trial date on March 28, 2007. The third period of delay is between March 29, 2007, when the trial was reset and May 2, 2007, when a new attorney entered an appearance for Defendant. The last period of delay is between May 3, 2007, and June 28, 2007, the ultimate trial date.

**{24}**     The first five-month period of delay is attributable to several factors. Defendant was first charged in magistrate court and those charges were eventually dismissed. The State then refiled slightly different charges in district court, and Defendant was indicted on those charges on September 15, 2006. There was a four-day delay caused when the Department of Corrections failed to transport Defendant for his arraignment or preliminary hearing originally scheduled for September 28, 2006; the arraignment took place on October 2, 2006. Defendant does not argue that the State acted in bad faith during this period. We therefore weigh this period slightly against the State. *See Garza*, 2009-NMSC-038, ¶ 28 (stating that "the State's discretion to dismiss a criminal case in magistrate court and reinstate charges in district court does not justify the delay"); *see also State v. O'Neal*, 2009-NMCA-020, ¶ 20, 145 N.M. 604, 203 P.3d 135 (filed 2008) ("We allocate the reasons for the delay to each side and determine the weight attributable to each reason, with the knowledge that the [s]tate has the duty to make a good faith and diligent effort to bring a defendant to trial."). During the next five-month period, the case proceeded with customary promptness, and we hold this period against neither party. *See Maddox*, 2008-NMSC-062, ¶ 27 (weighing the period in which a case proceeded "with customary promptness" against neither party).

**{25}**     On March 28, 2007, the scheduled trial was vacated because the trial judge was not feeling well. The next day a new trial was set for April 27, 2007. This period of delay weighs neutrally and does not count against either party. *See White*, 118 N.M. at 226, 880 P.2d at 323 (holding that illness and recovery of a judge does not weigh against either side);

*cf. State v. Kerby*, 2001-NMCA-019, ¶¶ 11, 14, 130 N.M. 454, 25 P.3d 904 (holding that illness beyond control of either party constitutes a valid reason for delay for speedy trial purposes).

**{26}** The last period of delay resulted from the need to vacate the second, April 27, 2007, trial setting, which the parties agree resulted from a late-discovered conflict regarding Defendant's representation by the public defender department. A new trial date was set for June 28, 2007. This period of approximately two months must weigh against Defendant. *See White*, 118 N.M. at 226, 880 P.2d at 323 (observing that delays caused by the defendant's receipt of new counsel were attributable to the defendant). Thus, approximately five months weigh slightly against the State, six months are neutral, and two months weigh against Defendant.

### 3. Assertion of the Right

**{27}** Defendant timely asserted his right to a speedy trial by filing a pro se motion on April 13, 2007. Although the assertion "was not especially vigorous," there is no indication that Defendant acquiesced to the delay. *Garza*, 2009-NMSC-038, ¶ 34. Thus, the third factor weighs against the State. *See State v. Marquez*, 2001-NMCA-062, ¶ 22, 130 N.M. 651, 29 P.3d 1052 (holding that the defendant's motion to dismiss and objection to extension constituted meaningful assertions of the right to a speedy trial, such that the third factor weighed slightly against the State).

### 4. Prejudice

**{28}** Turning to the fourth and final factor, "[w]e examine the three types of prejudice that *Barker* held relevant to the speedy trial analysis: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility of impairment to the defense." *State v. Stock*, 2006-NMCA-140, ¶ 34, 140 N.M. 676, 147 P.3d 885 (internal quotation marks and citation omitted). Defendant has not argued that the defense was impaired and because Defendant was incarcerated due to a parole violation, the pending charges cannot be said to have resulted in oppressive pretrial incarceration. *See State v. Maddox*, 2008-NMSC-062, ¶ 32, 145 N.M. 242, 195 P.3d 1254 (holding that the defendant was not subject to pretrial incarceration because he was already incarcerated on different charges); *Urban*, 2004-NMSC-007, ¶ 17 ("In this case, [the d]efendant was incarcerated on other charges and thus, despite the delay, was not subject to oppressive pretrial incarceration.").

**{29}** In addition, Defendant's claim of undue anxiety or concern is little more than a bare assertion, to which we accord no weight. *See State v. Brown*, 2003-NMCA-110, ¶ 19, 134 N.M. 356, 76 P.3d 1113 (rejecting a claim of prejudice where there was no showing of undue anxiety or concern that was greater than that of anyone whose liberty had been curtailed). Finally, Defendant contends that the delay may have deprived him of the opportunity to serve sentences concurrently. Our Supreme Court has recently decided, however, that such a claim is merely speculative. *See Maddox*, 2008-NMSC-062, ¶ 35 (rejecting a similar

8

argument on grounds that "it is speculative as to how the district court may choose to exercise its discretion in sentencing"). Accordingly, Defendant has not established cognizable prejudice. *See Garza*, 2009-NMSC-038, ¶ 37.

### 5. Balancing the Factors

**{30}** In summary, the length of the delay, the reasons for delay, and the assertion of the right factors weigh in Defendant's favor. Nevertheless, the total length of the delay was only minimally beyond the presumptive threshold. *See id.* ¶ 24 (explaining that when the length of delay is not extraordinary, it does not weigh heavily in a defendant's favor). Three months of the delay were not attributable to the State, the remaining ten months of delay weighed only slightly against the State, and Defendant did not establish that he suffered cognizable prejudice. Under these circumstances, we conclude that Defendant's right to a speedy trial was not violated. *See id.* ¶ 40 (balancing the factors and concluding that there was no speedy trial violation when the defendant failed to show prejudice and the remaining factors did not weigh heavily in the defendant's favor).

## C. Sufficiency of the Evidence

**{31}** Defendant challenges the sufficiency of the evidence to support his convictions for possession of methamphetamine and possession of drug paraphernalia. In addition, Defendant argues that the State failed to provide sufficient evidence to establish that he had prior DWI convictions. We begin by considering the evidence supporting the current convictions.

### 1. Evidence Supporting the Current Convictions

**{32}** When reviewing a challenge to the sufficiency of the evidence to support a conviction, we must determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). "A reviewing court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* "This [C]ourt does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Id.*

**{33}** To prove the crime of methamphetamine possession, the State was required to demonstrate (1) that Defendant had methamphetamine in his possession, (2) that Defendant knew or believed it to be methamphetamine, and (3) that this happened in New Mexico on May 8, 2006. *See* NMSA 1978, § 30-31-23(D) (2005). With respect to the possession of drug paraphernalia charge, the State must have established (1) that Defendant used or possessed drug paraphernalia; (2) that Defendant had the intent to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze,

9

pack, repack, ingest, inhale or otherwise introduce into the human body, a controlled substance; and (3) that this happened in New Mexico on or about the 8th day of May 2006. *See* NMSA 1978, § 30-31-25.1 (2001).

{34} The State called several witnesses to establish the date on which the pertinent events occurred. The officers testified that they found a pipe containing a white powdery substance in the vehicle that Defendant was driving—in a cell phone case that was located in the center console. Subsequent forensic testing revealed that the substance was methamphetamine. We conclude that the circumstantial evidence was sufficient to establish that Defendant possessed or constructively possessed the methamphetamine and the pipe. *See State v. Barber*, 2004-NMSC-019, ¶ 27, 135 N.M. 621, 92 P.3d 633 ("Proof of possession in controlled substances cases may be established by evidence of the conduct and actions of a defendant, and by circumstantial evidence connecting [the] defendant with the crime."). Similarly, the jury could have inferred from the evidence that Defendant knew that the substance was methamphetamine and that he intended to use the pipe to inhale or otherwise introduce methamphetamine into the human body—particularly in light of the evidence that his blood test revealed a significant quantity of methamphetamine in Defendant's system. *See State v. Montoya*, 77 N.M. 129, 131, 419 P.2d 970, 971 (1966) ("Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances.").

{35} Defendant contends that the circumstantial evidence should not be regarded as sufficient to establish possession and intent because the vehicle might theoretically have been accessible to others. *See State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421 ("When the accused does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession."). The record, however, contains no evidence whatsoever to support Defendant's speculation about non-exclusivity. To the contrary, the only evidence presented suggested exclusivity: Defendant was the registered owner of the vehicle as well as the only occupant. Accordingly, we reject Defendant's assertion that there was insufficient evidence to support the verdicts.

## 2. Evidence Supporting the Prior Convictions

{36} "Sentencing for a DWI conviction in New Mexico is graduated depending on a defendant's prior convictions, if any." *State v. Bullcoming*, 2008-NMCA-097, ¶ 21, 144 N.M. 546, 189 P.3d 679, *cert. granted*, 2008-NMCERT-007, 144 N.M. 594, 189 P.3d 1216. "In proving prior DWI convictions for purposes of enhancing a DWI conviction, the state has the initial burden of presenting evidence of the validity of each of a defendant's prior DWI convictions." *Id.* ¶ 22 (internal quotation marks and citation omitted). "If the [s]tate presents a prima facie case, the defendant may present contrary evidence." *Id.* "The state continues to have the ultimate burden of persuading the district court, as factfinder, of the validity of each of the convictions." *Id.*

10

**{37}**     Below, the State filed an information alleging that Defendant had eight prior convictions for DWI.  The document indicated that certified copies of the abstracts of record and/or judgments and sentences associated with these prior convictions were attached as exhibits.  The exhibits, however, were never filed on record.  When the prosecutor discovered the oversight at the sentencing hearing, he presented a document that he appears to have had on hand.  Because the document was not designated as an exhibit, it is not available for our review.  The transcript of the sentencing hearing, however, provides reasonably clear information about its nature and content.  The document is described as a copy of a prior judgment and sentence, which was filed in the same judicial district in 2004.  This judgment and sentence reflected the district court's determination that at that time in 2004 Defendant had admitted to least six prior convictions for DWI as a part of a plea agreement.

**{38}**     Defendant argued that the State had failed to make a prima facie showing with respect to any prior convictions for DWI.  Defendant pointed out that the State generally presents entries of appearance and/or waivers of counsel, as well as judgments and sentences for each claimed prior conviction, and he argued that without such documents, the court could only sentence him for a first DWI offense.

**{39}**     After hearing Defendant's position, the district court asked whether the State would like a continuance in order to gather the documents that it had intended to present.  Defendant promptly objected to the suggestion, contending that there had already been significant delays and urging the court to impose the lighter sentence in view of the State's "lack of preparation."

**{40}**     In response, the prosecutor observed that in this context, proof of prior convictions rather than sentences is required and that the State's burden is merely to make a prima facie showing.  In light of these considerations, the prosecutor contended that the document previously submitted was sufficient to meet the State's initial burden.  To the extent that additional information might be desired, the prosecutor suggested that the court could take judicial notice of its own records that would reflect Defendant's prior convictions for DWI within the district.  Ultimately, however, the prosecutor offered to supply the missing exhibits at a future date, if that was desired by the court.

**{41}**     Rather than continuing the proceedings, the court indicated that it was "going to take appropriate judicial notice that . . . the court found . . . [D]efendant ha[d] at least six prior DWI convictions . . . .  Therefore . . . this current DWI is in addition to that."  On appeal Defendant challenges this ruling, renewing his argument that the State failed to make a prima facie showing of any prior DWI convictions.  We agree with Defendant.

**{42}**     There appears to be relatively little authority in New Mexico specifically addressing the prosecution's burden of making a prima facie showing with respect to prior DWI convictions.  The statute relating to prior convictions for DWI does not require the district court to make any findings—it simply mandates that "[u]pon a fourth conviction pursuant

11

to this section, an offender is guilty of a fourth degree felony and . . . shall be sentenced to a term of imprisonment of eighteen months, six months of which shall not be suspended, deferred or taken under advisement." NMSA 1978, § 66-8-102(G) (2005) (amended 2008). Indeed, we are aware of no authority which conclusively establishes what sort of evidence must be presented in order to make a prima facie showing of the existence of prior DWI convictions.

**{43}** In *State v. Sedillo*, 2001-NMCA-001, ¶ 1, 130 N.M. 98, 18 P.3d 1051, the state presented three documents to establish a prior DWI offense: a complaint filed with the metropolitan court that included a handwritten notation of a guilty plea with a judge's signature, a signed waiver of counsel form, and a computer printout indicating that the defendant had pled guilty to DWI, first offense. *Id.* ¶ 4. After rejecting a series of evidentiary challenges to the documents, *id.* ¶¶ 7-9, the *Sedillo* Court held that the handwritten notes were sufficient to satisfy the state's burden. *Id.* ¶ 10. Despite the degree of informality that the *Sedillo* Court was willing to accept, we are unpersuaded that the document discussed by the parties in the present case—a single, uncertified judgment and sentence, which relied on plea agreement admissions of other convictions—is sufficient to establish a prior DWI conviction, particularly because the document is not in the record and the only indication of its contents is presented through argument of counsel. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("It is our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence."). The records of prior convictions must be properly admitted into the record and available for review on appeal, unless such proof is stipulated to or otherwise waived by Defendant.

**{44}** We are further unpersuaded that the trial court's willingness to review court records in order to locate Defendant's previous convictions would satisfy the State's burden of proof to establish the fact of those convictions. In order for a defendant's sentence to be enhanced under Section 66-8-102(G), "[t]he [s]tate bears the initial burden of establishing a prima facie case of a defendant's previous [DWI] convictions." *State v. Pacheco*, 2008-NMCA-059, ¶ 6, 144 N.M. 61, 183 P.3d 946 (internal quotation marks and citation omitted). Thus, the State bore the "ultimate burden of persuasion on the validity of prior convictions in this context." *Id.* (internal quotation marks and citation omitted); *State v. Gonzales*, 1997-NMSC-050, ¶ 14, 124 N.M. 171, 947 P.2d 128 ("The [s]tate had the burden of persuasion; that is, the [s]tate was required to show the validity of the prior convictions."). The State's failure in the present case to meet that burden cannot be overcome by the trial court's willingness to check its own records. Accordingly, we reverse the enhancement of Defendant's sentence under Section 66-8-102(G) and remand for resentencing.

### III. CONCLUSION

**{45}** For the foregoing reasons, we affirm Defendant's current convictions, but we reverse Defendant's sentence and remand for resentencing in conformity with this opinion.

**{46}   IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for _State v. Lopez_, No. 27,981**

| **AE** | **APPEAL AND ERROR** |
|--------|----------------------|
| AE-PA | Preservation of Issues for Appeal |
| AE-RM | Remand |
| AE-SB | Substantial or Sufficient Evidence |

| **CT** | **CONSTITUTIONAL LAW** |
|--------|------------------------|
| CT-FA | Fourth Amendment |
| CT-ST | Speedy Trial |

| **CL** | **CRIMINAL LAW** |
|--------|------------------|
| CL-CL | Controlled Substances |
| CL-DG | Driving While Intoxicated |

| **CA** | **CRIMINAL PROCEDURE** |
|--------|------------------------|
| CA-BP | Burden of Proof |
| CA-IV | Impoundment of Vehicle |
| CA-MR | Motion to Suppress |
| CA-PW | Plain View |
| CA-PC | Prior Convictions |
| CA-RD | Right to Speedy Trial |
| CA-SZ | Search and Seizure |
| CA-SN | Sentencing |
| CA-SE | Substantial or Sufficient Evidence |
| CA-WS | Warrantless Search |