This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 30,334**

**MICHAEL LEE CHANDLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
B. Douglas Wood III, Assistant Appellate Defender
Aztec, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals from a district court judgment and sentence for his seventh offense of driving while intoxicated (DWI) and accompanying offenses. We issued a calendar notice proposing to hold that the State failed to satisfy its burden with respect to two of the prior DWIs. The State has responded with a memorandum in opposition. After due consideration, we reverse and remand for purposes of resentencing.

The sole issue in this case involves a challenge to two of the six prior DWI convictions used to enhance Defendant's sentence. The State does not have to show proof beyond a reasonable doubt of the prior DWI conviction, but instead must provide a preponderance of the evidence. *State v. Anaya*, 1997-NMSC-010, ¶¶ 11-14, 123 N.M. 14, 933 P.2d 223 (filed 1996); *State v. Sedillo*, 2001-NMCA-001, ¶ 5, 130 N.M. 98, 18 P.3d 1051 (filed 2000). Procedurally, the State has the initial burden of establishing a prima facie case that there is a prior DWI conviction. *See State v. Duncan*, 117 N.M. 407, 412, 872 P.2d 380, 385 (Ct. App. 1994), *abrogated on other grounds by State v. Brule*, 1999-NMSC-026, 127 N.M. 368, 981 P.2d 782. The defendant is then entitled to come forward with contrary evidence to rebut the prima facie showing. *See Duncan*, 117 N.M. at 412, 872 P.2d at 385. The State ultimately bears the burden of persuasion. *See State v. O'Neil*, 91 N.M. 727, 729, 580 P.2d 495, 497 (Ct. App. 1978).

Here, Defendant challenged the use of a 1985 DWI conviction from Farmington Municipal Court and a 1991 conviction from Aztec District Court. [MIO 3-4] With

respect to the 1985 conviction, the State relied on an abstract of conviction that indicated that there was a guilty plea, a finding of guilt, and that Defendant had received a three hundred dollar fine. [MIO 3] Although the State correctly implied below that Defendant would not have been entitled to counsel if the sentence had not resulted in jail time [MIO 3], we do not believe that the State satisfied its burden of production to show that this was the case. In *State v. Lopez*, 2009-NMCA-127, ¶ 43, 147 N.M. 364, 223 P.3d 361, *cert. denied*, 2009-NMCERT-010, 147 N.M. 452, 224 P.3d 1257, this Court held that a single, uncertified judgment and sentence was insufficient to satisfy the State's burden. We noted that this was particularly a problem in that case because the document was not made part of the record, and the only indication of its contents was presented through counsel. *Id.* We do not believe that the fact the document in this case is in the record is sufficient to overcome the concerns stated in *Lopez*. We also note that, although *Sedillo*, 2001-NMCA-001, ¶¶ 7-9, relied on a computer printout, it was accompanied with a complaint with a handwritten notation of a guilty plea and a judge's signature, and a signed waiver of counsel form. We are therefore not persuaded by the State's reliance on *Sedillo*. [MIO 7] In the absence of anything beyond the mere printout in this case, we do not believe that the State satisfied its burden with respect to the 1985 conviction under the *Lopez* analysis.

We likewise believe that *Lopez* answers the challenge to the 1991 conviction. The State relied on documents that did not contain a date of birth or a social security number. [MIO 8] The docketing statement in this appeal indicated that the court

reviewed its own records, consisting of a microfilm. [DS 4; RP 58] As we stated in *Lopez*, "[t]he State's failure in the present case to meet that burden cannot be overcome by the trial court's willingness to check its own records." 2009-NMCA-127, ¶ 44. In its memorandum in opposition, the State tries to distinguish *Lopez* by noting that the district court here called a recess to permit the prosecutor to retrieve the court's own records for the judge's review. [MIO 9] Regardless of who retrieved the court records, the problem addressed by *Lopez* is that this manner of review prevents an adequate record indicating that the State has met its burden. The State acknowledges this problem, but requests that we place the burden on Defendant. [MIO 9-10] We are not inclined to do so, because we are reviewing the record for purposes of determining whether the State satisfied its burden of production and persuasion. This is analogous to a substantial evidence review, where we would not apply our often-stated general rule that an appellant has the burden of providing an adequate record. This holds equally true for the inapplicability of our usual presumption of correctness, which would not be applied as a substitute for a record of sufficient evidence to support a conviction. In the absence of a record that satisfies this Court's analysis in *Lopez*, we conclude that the 1991 conviction could not be used for purposes of the sentence at hand.

For the reasons discussed in this opinion, we reverse for purposes of re-sentencing.

4

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**LINDA M. VANZI, Judge**