This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                    **No. 33,740**

**MARC TAPIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Rozan Cruz & Associates, P.C.
Rozan Cruz
Corrales, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     The State has appealed from an order of suppression. We previously issued a notice of proposed summary disposition in which we proposed to reverse. Defendant

has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand for further proceedings.

{2} The pertinent background information and analytical framework were previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3} Defendant contends that the warrantless search of the vehicle cannot be regarded as a valid inventory search, challenging all three of the prerequisites. [MIO 2-5] *See generally State v. Williams*, 1982-NMSC-041, ¶ 4, 97 N.M. 634, 642 P.2d 1093 ("An inventory search of an automobile is constitutional if three requirements are met: 1) the vehicle to be inventoried is in police control or custody; 2) the inventory is made pursuant to established police regulations; and 3) the search is reasonable.").

{4} With respect to the first requirement, Defendant asserts that the vehicle was not in police custody or control, because it "was on private property and not in the public roadway where it would obstruct or impede traffic[,]" and because "[t]here was no immediate need to enter the vehicle." [MIO 2-3] However, in *Williams* the New Mexico Supreme Court rejected a similar argument. Discussing relevant United States Supreme Court authorities, the *Williams* Court noted that the propriety of

impoundment and inventory does not depend upon a showing of necessity, due to traffic-related considerations or otherwise. *Id.* ¶¶ 6-7. Instead, the relevant inquiry is whether there is a nexus between the arrest of the subject and impounding of the vehicle. *Id.* ¶ 5. As we previously observed in the notice of proposed summary disposition, insofar as Defendant had been placed under arrest, and insofar as the vehicle had been used in connection with one or more criminal offenses, the first element was satisfied. *See, e.g.*, *State v. Wilson*, 1994-NMSC-009, ¶ 16, 116 N.M. 793, 867 P.2d 1175 (holding that the element of police control or custody, including the requisite nexus, was established where both occupants of the car were under arrest, the police were taking custody of the car, and the police inventoried it for safekeeping of the contents); *Williams*, 1982-NMSC-041, ¶ 7 (observing that "[t]he possible use of the vehicle as evidence of the crime . . . supplies the necessary nexus between the arrest and the reason for impounding"); *State v. Lopez*, 2009-NMCA-127, ¶¶ 2, 10, 147 N.M. 364, 223 P.3d 361 (upholding the validity of a warrantless vehicle search where the defendant was arrested for driving on a suspended license and the vehicle was inventoried prior to towing and impoundment). {5} With respect to the second requirement, Defendant contends that the search was not made pursuant to established police regulations, based on an excerpt from a manual which does not appear within the record. [MIO 3] This material is not properly presented at this juncture. *See State*

*v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 (stating that matters not of record are not considered on appeal); *Durham v. Guest*, 2009-NMSC-007, ¶ 9, 145 N.M. 694, 204 P.3d 19 ("Reference to exhibits not in the record proper and not presented to the district court for consideration is improper[.]"); *see also State v. Granillo-Macias*, 2008-NMCA-021, ¶ 11, 143 N.M. 455, 176 P.3d 1187 (declining to consider an argument on appeal where the defendant failed to present the relevant manual to the trial court, and failed to argue that strict compliance with its terms was required). Moreover, no violation of the procedure, as reflected in the manual, is apparent. The three-part criteria (lawful police custody, compliance with standard operating procedures, and reasonableness) [MIO 3] simply restate the three requirements associated with all inventory searches. *See Williams*, 1982-NMSC-041, ¶ 4. Defendant also contends that the officer's failure to ask the owner whether someone else might be available to pick the vehicle up represented a significant departure from the standard protocol. [MIO 4] However, as previously stated, insofar as the vehicle was used in connection with one or more criminal offenses the police could properly impound it as evidence; "[h]ence, there was no need to give the defendant a choice as to disposition of the car." *Id.* ¶¶ 8-9.

{6}	With respect to the third and final requirement, Defendant argues that the search was not reasonable because the officers suspected him of involvement with crime, and

suspected that incriminating evidence would be found before the search was commenced. [MIO 3-5] However, the suspicions of the officers are immaterial. "[T]he lawfulness of an inventory search operates independently from any suspicion by the police of contraband that may be concealed" therein. *State v. Boswell*, 1991-NMSC-004, ¶ 11, 111 N.M. 240, 804 P.2d 1059. In this context, a search is reasonable if it is undertaken in furtherance of legitimate caretaking interests. *Id.* ("The state interests justifying an inventory constitute an independent basis for the reasonableness of the search."). In this case, an inventory search was reasonable insofar as it served the legitimate purposes of protecting both the property from theft and the police from accusations or false claims of theft, *inter alia. See id.* ¶ 10 (identifying various considerations which render inventory searches reasonable, and concluding that "orderly police administration justifies examination and inventorying of items removed from an arrestee's possession or person").

{7}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the State adequately demonstrated that the inventory search doctrine applies, such that the warrantless search of the vehicle was permissible. We therefore reverse and remand for further proceedings.

{8}    **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**J. MILES HANISEE, Judge**