This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41326

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HARDY R. BEGAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Peter James O'Connor, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** In relevant part, Defendant Hardy R. Begay was charged by criminal information in the district court for aggravated driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102(D)(3) (2016), as a "special second[-]degree felony." *See* § 66-8-102(K) ("Upon an eighth or subsequent conviction pursuant to this section, an offender is guilty of a second[-]degree felony and, notwithstanding the provisions of [NMSA

1978,] Section 31-18-15 [(2019, amended 2024)], shall be sentenced to a term of imprisonment of twelve years, ten years of which shall not be suspended, deferred or taken under advisement."). After a jury convicted Defendant, the district court sentenced him to twelve years' incarceration, with two years suspended. On appeal, Defendant contends that because the State presented a prima facie case to establish only five, and not eight, prior DWI convictions, the sentence is illegal and must be corrected. We conclude that Defendant stipulated to the validity of the three prior convictions that are challenged on appeal. We therefore affirm.

**DISCUSSION**

**{2}** The State bears "the initial burden of presenting evidence of the validity of each of a defendant's prior DWI convictions." *State v. Lopez*, 2009-NMCA-127, ¶ 36, 147 N.M. 364, 223 P.3d 361 (internal quotation marks and citation omitted). "If the state presents a prima facie case, the defendant may present contrary evidence." *Id.* (alteration, internal quotation marks, and citation omitted). According to Defendant, the State established a prima facie case, based on documents submitted to the district court, for five prior DWI convictions. For the other three prior DWI convictions, Defendant maintains that the State did nothing other than recite the years of conviction. For this reason, Defendant argues that the State did not meet its initial burden to establish a prima facie case that he had been convicted of eight prior DWIs, and as a result, the district court imposed an illegal sentence in the present case for an "eighth or subsequent" DWI under Section 66-8-102(K). Viewed in the light most favorable to the State, we conclude that the stipulated evidence supported the sentence. *See State v. Sedillo*, 2001-NMCA-001, ¶¶ 5-6, 130 N.M. 98, 18 P.3d 1051 (reviewing the evidence supporting a DWI felony designation for sufficiency).

**{3}** Even though the State did not provide documentary or other evidence of the other three DWI convictions, the record supports a conclusion that Defendant stipulated to those convictions. At sentencing, Defendant correctly observes that the State recited the dates of eight prior DWIs attributable to Defendant, which occurred once in 2002, twice in 2003, twice in 2005, twice in 2008, and once in 2017. The district court asked whether Defendant objected and the following exchange transpired:

> Defendant's Counsel: Yes, your honor, we believe that there's insufficient evidence to demonstrate the adequacy of two specific priors, which would be the—the CR-2017-215 matter. And then for comparison purposes, we'll be referring to the 2005-77 out of McKinley County and the 2008-0022 out of McKinley County.
>
> Court:  Okay, what does that mean, for comparison purposes? Do you stipulate to the validity of those priors or not?
>
> Defendant's Counsel: Yes. It was one of them—I'm sorry, I want to make sure—I was talking to my client about—so, we believe that the 2008-22 is—is not a correct prior.

Court: Okay, so there's two—the '17 and the '08 that you're challenging?

Defendant's Counsel: Correct.

Defendant went on to argue that the evidence did not support one of the 2008 convictions and the 2017 conviction, based on his position that the signatures on the plea agreements were absent or did not match other documents with Defendant's signature. Thus, at sentencing, Defendant challenged only the evidence supporting 2008 and 2017 convictions. On appeal, however, Defendant contests the evidence supporting the three convictions from 2002 and 2003, even though the record demonstrates that at the time of the hearing, Defendant was satisfied with and stipulated to the validity of the 2002 and 2003 convictions.

{4}     Defendant maintains that he was not required to challenge the 2002 and 2003 convictions in the district court because (1) the State simply failed to meet the prima facie burden of proving the 2002 and 2003 convictions and the burden therefore did not shift to Defendant to challenge that failure of proof; and (2) challenges to the sufficiency of the evidence need not be preserved and a challenge to an illegal sentence can be raised at any time. Quite apart from the preservation of an objection, however, a defendant may waive proof of or stipulate to prior convictions. *See Lopez*, 2009-NMCA-127, ¶ 43 ("The records of prior convictions must be properly admitted into the record and available for review on appeal, unless such proof is stipulated to or otherwise waived by [the d]efendant."). Days before trial, the State affirmed on the record that the DWI allegation was "an eighth or subsequent." On February 6, 2023, at a posttrial hearing, the State indicated that the prior convictions had been discussed with Defendant's counsel, and Defendant's counsel explained that he had reviewed copies of the prior convictions and might contest the validity of some of them. As we have noted, at sentencing, Defendant challenged the 2008 and 2017 convictions. Despite having reviewed copies of the prior convictions, Defendant did not challenge the validity of the 2002 and 2003 convictions. We therefore conclude that Defendant "stipulated to or otherwise waived" the State's requirement to prove the validity of those convictions. *See id.*

**CONCLUSION**

{5}     We affirm the district court.

{6}     **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**