This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41433**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ARTHUR F. SHIRLEY, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Louis E. DePauli, Jr., District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Arthur Shirley, Jr., was charged in magistrate court with second-offense driving while under the influence of intoxicating liquor or drugs (DWI), contrary to NMSA 1978, Section 66-8-102(C)(1) (2016). Following a bench trial on stipulated facts in the magistrate court, Defendant was convicted of first-offense DWI, contrary to Section 66-8-102(C)(1). Defendant appealed to the district court. At a de novo bench

trial in district court, Defendant was again convicted of DWI and sentenced, this time for third-offense DWI, pursuant to Section 66-8-102(F)(2). Defendant appeals to this Court.

**{2}**     On appeal, Defendant argues that the double jeopardy clauses of both the United States and New Mexico Constitutions prohibited the district court from sentencing him to a third-offense DWI on his de novo appeal from a conviction of a first-offense DWI. Because we conclude that Defendant's right to be free from double jeopardy under the United States Constitution was not violated and Defendant has not established a double jeopardy violation under the New Mexico Constitution, we affirm.

## DISCUSSION[1]

### I.     Defendant's Double Jeopardy Claims

**{3}**     Defendant argues that the district court violated his right to be free from double jeopardy under both the United States and New Mexico Constitutions by sentencing him to third-offense DWI on his appeal from a conviction and sentence in the magistrate court of first-offense DWI. We review "claims involving alleged violations of a defendant's right to be free from double jeopardy de novo." *State v. Loza*, 2018-NMSC-034, ¶ 4, 426 P.3d 34.

**{4}**     Defendant contends that his conviction in the magistrate court of first-offense DWI constituted an implied acquittal of second-offense DWI. Therefore, Defendant submits, double jeopardy precluded the district court on appeal from sentencing him to third-offense DWI. We address Defendant's claims under the United States and New Mexico Constitutions separately.

### A.     Defendant's Right to Be Free From Double Jeopardy Under the United States Constitution Was Not Violated

**{5}**     The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." "The [F]ifth [A]mendment . . . is enforceable against the [s]tates through the [F]ourteenth [A]mendment." *State v. Tanton,* 1975-NMSC-057, ¶ 5, 88 N.M. 333, 540 P.2d 813.

**{6}**     Defendant, in arguing that the district court violated his right to be free from double jeopardy under the United States Constitution, invokes the concept of implied acquittal.[2] Under the implied acquittal doctrine, where a trier of fact convicts a defendant

---

1Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

2In his reply brief, Defendant concedes that "under current New Mexico precedent, first-offense DWI is not a lesser included offense of second- or third-offense DWI, because the number of prior convictions is not an element of the offense. Therefore, [Defendant's] conviction for first-offense DWI did not constitute an implicit acquittal of second-offense DWI, and the double jeopardy clause of the U.S. Constitution did

of a lesser offense necessarily included in a greater offense, double jeopardy prohibits subsequent prosecution for the greater offense. *Id.* ¶ 9.

**{7}** Under this framework, for Defendant to have been implicitly acquitted in the magistrate court of second-offense DWI when he was convicted of first-offense DWI, first-offense DWI would have to be a lesser included offense of second-offense DWI. However, under New Mexico's jurisprudence, first-offense DWI is not a lesser included offense of second-offense DWI. Therefore, Defendant was not implicitly acquitted of second-offense DWI, and Defendant's right to be free from double jeopardy under the United States Constitution was not violated. We explain.

**{8}** New Mexico courts utilize the cognate approach to determine whether one crime is a lesser included offense of another. *See State v. Meadors*, 1995-NMSC-073, ¶ 12, 121 N.M. 38, 908 P.2d 731. Under the cognate approach, one crime is a lesser included offense of another when "the statutory elements of the lesser crime are a subset of the statutory elements of the charged crime." *Id.*

**{9}** In the context of our DWI statute, if first- and second-offense DWI were separate crimes with distinct elements, "then proof beyond a reasonable doubt of a defendant's . . . prior DWI conviction[] would necessarily constitute an element of the offense" of second-offense DWI. *See State v. Anaya*, 1997-NMSC-010, ¶ 11, 123 N.M. 14, 933 P.2d 223. The issue of whether the defendant had a prior DWI conviction would also be required to be tried before the fact-finder. *See Id.* ¶ 19.

**{10}** However, noting that "evidence of prior DWI convictions would constitute the sort of propensity evidence that our rules ordinarily preclude because of its highly prejudicial nature," our Supreme Court has previously held that the Legislature, in separating "the basic definition of the offense [of DWI] from the sentencing provisions for repeat offenses[,] . . . intended to enhance the sentence for repeat offenders rather than to create [new offenses] with discrete elements other than those already provided in Subsections 66-8-102(A) to (D)." *Anaya*, 1997-NMSC-010, ¶¶ 18-19. Specifically, this Court has definitively held that "DWI second is not a crime distinct from DWI first; rather, DWI second relates to the enhancement of [a] defendant's sentence for DWI first." *State v. Lyon*, 1985-NMCA-082, ¶ 27, 103 N.M. 305, 706 P.2d 516. In other words,

> Section 66-8-102(E) provides for sentencing consequences upon a second or subsequent conviction of DWI. The enhancement sentence is not an element of the conviction; rather, it is a consequence of the prior DWI conviction. Further, the enhancement provision does not create a new class of crimes; it only creates new consequences for the criminal conduct.

*Id.*

---

not bar his retrial for third-offense DWI." Though we agree with Defendant's concession, we offer a brief analysis demonstrating why the argument is unavailing.

**{11}** Since first- and second-offense DWI are the same crime with different sentences, and not separate crimes with discrete elements, they cannot satisfy the requirements of the cognate approach. *See Meadors*, 1995-NMSC-073, ¶ 12. As a result, first-offense DWI is not a lesser included offense of second-offense DWI, and neither first- nor second-offense DWI are lesser included offenses of third-offense DWI.

**{12}** Thus, we reject Defendant's contention that he was impliedly acquitted of second-offense DWI and hold that the district court did not violate the double jeopardy clause of the United States Constitution in sentencing Defendant for a third-offense DWI.

**B.    Defendant's Double Jeopardy Argument Under the New Mexico Constitution Is Not Sufficiently Developed**

**{13}** While conceding his double jeopardy argument under the United States Constitution, Defendant maintains that the district court violated his right to be free from double jeopardy under the New Mexico Constitution by sentencing him to third-offense DWI on appeal from his conviction and sentence in magistrate court of first-offense DWI.

Under Article II, Section 15 of the New Mexico Constitution,

> [n]o person shall . . . be twice put in jeopardy for the same offense; and when the indictment, information[,] or affidavit upon which any person is convicted charges different offenses or different degrees of the same offense and a new trial is granted the accused, he may not again be tried for an offense or degree of the offense greater than the one of which he was convicted.

This protection is codified in NMSA 1978, Section 30-1-10 (1963), which provides that

> [n]o person shall be twice put in jeopardy for the same crime. The defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment. When the indictment, information or complaint charges different crimes or different degrees of the same crime and a new trial is granted the accused, he may not again be tried for a crime or degree of the crime greater than the one of which he was originally convicted.

**{14}** As previously discussed, Section 66-8-102(E) provides for enhanced sentencing consequences upon a second or subsequent conviction of DWI. *Lyon*, 1985-NMCA-082, ¶ 27. In his brief in chief, Defendant's double jeopardy argument under the New Mexico Constitution amounts to the conclusory assertion that his right to be free from double jeopardy was violated because he was "convicted of first-offense DWI" in the magistrate court, but "[o]n appeal, he was tried for third-offense DWI, a higher degree than his original conviction. This is precisely the situation prohibited by Article II, Section

15 [of the New Mexico Constitution] and Section 30-1-10." Defendant does not otherwise explain how or why an enhanced sentence for subsequent DWI convictions should constitute a greater degree of the offense of first-offense DWI. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be").

**{15}** Defendant does a bit more to develop his argument in his reply brief. There, he asserts that "Article II, Section 15 is not limited to lesser included offenses," and attempts to explain why an enhanced sentence for subsequent convictions under our DWI statute should be considered a greater degree of the offense of first-offense DWI. However, we nevertheless continue to find Defendant's argument insufficiently developed. We explain.

**{16}** First, Defendant submits that third-offense DWI should be considered a greater degree of the offense of first-offense DWI because "[t]he DWI statute itself uses the word 'degree' to distinguish among offenses: a fourth or fifth conviction is designated a 'fourth degree felony,' a sixth or seventh conviction is a 'third degree felony,' and an eighth or subsequent conviction is a 'second degree felony.'" However, as Defendant's argument illustrates, Section 66-8-102 only uses the word "degree" to describe the category of felony applicable to a fourth or subsequent conviction of DWI. *See* § 66-8-102(G)-(K). But in this case, Defendant was sentenced for third-offense DWI on appeal from a conviction and sentence for first-offense DWI. The DWI statute does not use the word "degree" to distinguish between first-, second-, or third-offense DWI. *See* § 66-8-102(E)-(F). We therefore find Defendant's argument to be unavailing.

**{17}** Next, Defendant contends that "[i]t is reasonable to conclude that third-offense DWI is a greater degree of [DWI] than first-offense DWI" because "[a] first[-]offense [DWI] is essentially a special traffic misdemeanor; it carries a jail sentence of no more than 90 days, or probation of no more than a year. [Whereas] [a] third[-]offense [DWI] is a special full misdemeanor that requires a *minimum* of 30 days in jail, up to a maximum of 364, or up to five years of probation." The difficulty with Defendant's argument is that he does not affirmatively argue what definition we should ascribe to the state constitutional phrase "degree of the offense greater than the one of which [the defendant] was convicted," N.M. Const. art. II, § 15, or why an enhanced sentence under the DWI statute should fall under that definition. Defendant simply points out what is already established by our caselaw: that third-offense DWI receives an enhanced sentence compared to first-offense DWI. *See Anaya*, 1997-NMSC-010, ¶ 18 (holding that the New Mexico Legislature, in drafting the DWI statute, "intended to enhance the sentence for repeat offenders rather than to create a new offense with discrete elements other than those already provided in Subsections 66-8-102(A) to (D)"). Consequently, Defendant's argument again amounts to the simple assertion that sentencing enhancements under the DWI statute should constitute greater degrees of first-offense DWI under the New Mexico Constitution, without further explanation. Defendant also does not cite any authority for why what Defendant labels as a "special traffic misdemeanor" and a "special full misdemeanor" should constitute different

degrees of the same offense. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (providing that where no authority is cited we may assume none exists).

**{18}** Because Defendant has not advanced a sufficiently developed argument, we decline to decide whether the district court violated Defendant's right to be free from double jeopardy under the New Mexico Constitution by sentencing him to third-offense DWI on his appeal from a conviction and sentence in magistrate court of first-offense DWI. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (stating that "[appellate courts] require[] that the parties adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue presented. We will not review unclear arguments, or guess at what a party's arguments might be. To rule on an inadequately briefed issue, [an appellate court] would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for [appellate courts] to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." (alteration, internal quotation marks, and citations omitted)); *Guerra*, 2012-NMSC-014, ¶ 21 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments).

## II.    Incomplete Record of Prior Convictions

**{19}** Lastly, Defendant argues that the State failed to lay a record of Defendant's prior DWI convictions sufficient to permit our review on appeal. The entirety of Defendant's argument as to this issue is as follows: "The appellate record does not contain documentation of the prior offenses. . . . This appears to be a violation of the State's responsibility to lay a record at sentencing." We do not address this argument on the merits for three reasons.

**{20}** First, Defendant did not challenge the validity of the convictions during the proceedings in district court, thereby failing to preserve this issue for appeal to this Court. *See* Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

**{21}** Second, because Defendant failed to challenge the validity of the prior convictions in the district court, we conclude that Defendant "stipulated to or otherwise waived" the State's requirement to prove the validity of those convictions. *See State v. Lopez*, 2009-NMCA-127, ¶ 43, 147 N.M. 364, 223 P.3d 361 ("The records of prior convictions must be properly admitted into the record and available for review on appeal, unless such proof is stipulated to or otherwise waived by [the d]efendant.").

**{22}** Third, this argument is undeveloped and may have been abandoned or waived yet again. We note that this argument is made in passing in a footnote of Defendant's brief in chief; is comprised primarily of conclusory statements of counsel; and cites only one case, without any argument or reference to the record indicating how the case pertains to this issue and how this Court should apply the case in resolving this issue.

Additionally, and significantly, Defendant appears to abandon or waive the argument when he states in his brief: "However, because [Defendant] could not constitutionally be sentenced to any offense greater than a first-offense DWI . . . the lack of proof of the prior offenses does not matter." As discussed and explained above, this Court will not consider undeveloped arguments. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70; *Guerra*, 2012-NMSC-014, ¶ 21.

**{23}**   Consequently, we do not further consider this argument.

**CONCLUSION**

**{24}**   For the foregoing reasons, we affirm Defendant's conviction for third-offense DWI.

**{25}   IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**