This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                             **No. 34,126**

**JANICE HALE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

**{1}** Defendant Janice Hale was convicted by a jury in metropolitan court of one count of driving while under the influence of intoxicating liquor (DWI) (first), contrary to NMSA 1978, Section 66-8-102(A) (2010, amended 2016) (impaired to the slightest degree). She appealed her conviction to the district court, and the judgment was affirmed. In the appeal to this Court, Defendant argues that there was insufficient evidence to convict her of DWI impaired to the slightest degree because the State failed to prove beyond a reasonable doubt that the alcohol in her system impaired her driving. We affirm.

**BACKGROUND**

**{2}** Officer Jared Frazier, an officer with the Albuquerque Police Department's DWI unit, came into contact with Defendant on September 15, 2011, at approximately 3:20 a.m. Officer Frazier testified that he was traveling northbound in the left lane of Coors Boulevard when he observed Defendant's vehicle ahead of him in the right lane with no lights on. The vehicle was traveling just under the speed limit. Officer Frazier moved behind Defendant's vehicle and noted that it had neither functional taillights nor marker lights. After running the vehicle's license plate, he discovered that the registration on the vehicle had expired. He then initiated a traffic stop.

**{3}** Officer Frazier testified that when he turned his emergency lights on, Defendant failed to respond for approximately five to ten seconds before braking suddenly and

2

pulling over to the right shoulder. He then approached Defendant's vehicle and asked Defendant for her license, registration, and proof of insurance. Although she eventually provided all requested documents, she dropped a couple of items in the process. At that point, Officer Frazier noticed that Defendant had red eyes and there was a strong odor of alcohol emitting from her breath. Officer Frazier then asked Defendant if she had consumed any alcohol, and she admitted to having had three or four drinks and told him that her last drink was at approximately 10 p.m.

{4} After Defendant admitted to drinking and exhibited signs of intoxication, Officer Frazier asked Defendant to exit the vehicle to do field sobriety tests (FSTs). The officer testified that Defendant had a "slow response . . . , but nothing that was unusual." At trial, Officer Frazier explained that FSTs are divided-attention tasks that are designed to test if an individual's blood alcohol concentration (BAC) could be above 0.08 and that driving is also a divided-attention task. Officer Frazier stated that Defendant denied having any medical conditions that would impact the results of her FSTs. He did note, however, that Defendant's shoes had a two-inch heel.

{5} The first FST administered by Officer Frazier was the horizontal gaze nystagmus (HGN) test. Defendant was able to perform the HGN test but appeared to sway three to four inches. The next test administered was a walk and turn (WAT) test. Officer Frazier testified that of the eight elements being evaluated during the WAT

test, Defendant erred on two—Defendant extended and used her arms to balance, and she failed to walk heel-to-toe both outgoing and returning. He testified that two mistakes warrant an arrest under his guidelines. The third test administered to Defendant was the one-legged stand (OLS) test. Officer Frazier testified that Defendant failed on three of the four elements evaluated in the OLS test. As with the WAT test, Officer Frazier testified that a minimum of two mistakes on the OLS test warrant an arrest per his guidelines.

{6}    Officer Frazier also gave Defendant two alternative FSTs because Defendant was wearing shoes with a two-inch heel, and it was procedure to provide alternate FSTs in such instances. He administered an alphabet test, where he asked Defendant to recite the alphabet from "H" to "X," and Defendant failed by omitting five consecutive letters (S, T, U, V, and W). He then gave Defendant a count-down test, where he asked Defendant to count down from 67 to 41, and she failed by stating numbers out of order, pausing, and counting down to zero.

{7}    Officer Frazier testified that, based on his observations, Defendant was impaired and unable to operate a motor vehicle safely. He then arrested Defendant, transported Defendant to the substation, read her the Implied Consent Act, and administered an agreed-upon breath test. Defendant's BAC results were 0.08 at 4:10 a.m. and 0.07 at 4:12 a.m.

4

{8}     Defendant's trial testimony regarding the night in question differed from the testimony provided by Officer Frazier. Defendant testified that she had been drinking earlier in the night prior to being pulled over, but stated that her driving was "okay" and that she pulled over immediately when Officer Frazier engaged his emergency lights. She denied performing poorly on the FSTs. She did admit that she did not walk heel-to-toe on a portion of the WAT test, but stated that she failed to do so because Officer Frazier had advised her to walk back regularly. She testified that she was surprised to learn her lights were off because she had not previously noticed the lack of lighting, probably because she had been traveling in well-lit areas.

**DISCUSSION**

{9}     "When reviewing a challenge to the sufficiency of the evidence to support a conviction[,] we must determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Lopez*, 2009-NMCA-127, ¶ 32, 147 N.M. 364, 223 P.3d 361 (internal quotation marks and citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). "A reviewing court must view the evidence in the light most favorable to the state,

5

resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Lopez*, 2009-NMCA-127, ¶ 32 (internal quotation marks and citation omitted). "[A]lthough contrary evidence is presented which may have supported a different verdict," *Salgado*, 1999-NMSC-008, ¶ 25 (internal quotation marks and citation omitted), "[t]his Court does not weigh the evidence and may not substitute its judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *Lopez*, 2009-NMCA-127, ¶ 32 (alteration, internal quotation marks, and citation omitted).

{10}     To prove the crime of DWI impaired to the slightest degree under Section 66-8-102(A), the State was required to prove beyond a reasonable doubt that Defendant operated a motor vehicle in New Mexico, and at the time, Defendant was under the influence of intoxicating liquor. Specifically, "as a result of drinking liquor [Defendant] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [herself] and the public." *State v. Neal*, 2008-NMCA-008, ¶ 21, 143 N.M. 341, 176 P.3d 330 (internal quotation marks and citation omitted); *see* UJI 14-4501 NMRA.

{11}     Defendant argues on appeal that the evidence offered by the State did not support a finding that her driving was impaired by alcohol beyond a reasonable doubt.

She argues that there was no evidence of impairment because Officer Frazier did not observe any bad driving by Defendant. She asserts that she had stopped drinking hours before driving and that her eyes could have been red due to lack of sleep. She also argues that her performance on the FSTs, while not perfect, showed her ability to understand the instructions and that any errors could be attributed to outside factors such as crude and inaccurate measurements used by the officer and a reasonable misunderstanding of the officer's instructions. Defendant also argues that the FSTs, particularly the OLS test, are inherently problematic because officers do not consider a particular person's sway as compared to their particular baseline. She also asserts that any instability could be attributed to her shoes that had a two-inch heel. As to Officer Frazier's alternative tests, Defendant argues that any errors again could be attributed to unclear instructions or nerves. She argues that her overall performance on the FSTs and alternate FSTs fails to provide the evidence necessary to prove beyond a reasonable doubt that her driving was alcohol-impaired.

{12}     We begin by addressing Defendant's argument that there was no evidence of bad driving to support Defendant's conviction. Although not uncommon in DWI cases, evidence of bad driving is not necessary to sustain a conviction of DWI impaired to the slightest degree. *See State v. Soto*, 2007-NMCA-077, ¶¶ 32, 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence of DWI pursuant

to the impaired to the slightest degree standard, even though there was no evidence of bad driving), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{13}     As to Defendant's argument that the FSTs are inherently unreliable or fail to adequately prove impairment due to a lack of baseline measurements, Defendant did not make such an argument or offer testimony in support of that argument before the district court. *See* Rule 12-216(A) NMRA ("To preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]"); *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Because the issue was not preserved, we need not address it. *See Gracia v. Bittner*, 1995-NMCA-064, ¶ 17, 120 N.M. 191, 900 P.2d 351 ("[A]llegations of error that were not preserved in a timely fashion to allow the trial court to correct the error [will] not be the subject of reversal on appeal."). Although we need not address the matter further, we do note that in addition to the preservation issue, Defendant has not provided any authority that the use of FSTs is inherently without merit. Where a party provides no support for a proposition, we assume that none exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a

8

party cites no authority to support an argument, the appellate courts may assume no such authority exists); *ITT Educ. Servs., Inc. v. N.M. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (recognizing that this Court will not consider propositions that are unsupported by citation to authority). In fact, both the State and Defendant cite to cases where New Mexico courts have looked to poor performance on FSTs as evidence to show impairment and as support for a DWI conviction. *See, e.g.*, *Neal*, 2008-NMCA-008, ¶ 29 (holding that there was sufficient evidence to convict the defendant of DWI when the officer observed the defendant veer over the shoulder line, the defendant smelled of alcohol and had bloodshot and watery eyes, the defendant admitted to drinking, and the defendant showed signs of intoxication during the FSTs); *State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (indicating that there was overwhelming evidence of guilt where the defendant drove poorly, smelled of alcohol, had bloodshot and watery eyes, failed three FSTs, and admitted to drinking alcohol and smoking marijuana).

**{14}** Defendant's alternative explanation for her poor performance on the FSTs likewise does not warrant reversal. Simply because Defendant offered an alternative explanation does not mean that her conviction was not supported by substantial evidence. The jury was free to find Officer Frazier's testimony more compelling than Defendant's, and we will not reverse simply on the basis that Defendant would prefer

that we adopt her version of events. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). We also note that Defendant did not offer any testimony at trial to the effect that her red eyes were caused by tiredness, that she thought she swayed because of her shoes, or that she thought she performed poorly because of nerves. To the contrary, Defendant denied performing poorly on the FSTs.

{15} Considering the totality of the evidence offered at trial, there was sufficient evidence to support the jury's conviction of DWI impaired to the slightest degree. Officer Frazier testified that Defendant was driving without her lights on, that she was driving below the speed limit, and that she was at least hesitant to respond to his emergency lights and to his request that Defendant exit her vehicle. Officer Frazier also pointed to specific failures in the performance of numerous FSTs, which he testified were divided-attention tasks similar to driving, such that he concluded Defendant was not able to operate a vehicle safely. There was also ample evidence that Defendant had been drinking, including her BAC results of 0.08/0.07, her admission to drinking, and Officer Frazier's testimony that Defendant had bloodshot eyes and that he smelled a strong odor of alcoholic beverage on Defendant's breath. From these facts, a rational jury could infer that Defendant was driving under the

influence of intoxicating liquor and that, as a result of drinking liquor, Defendant was less able to the slightest degree to exercise the clear judgment and steady hand necessary to handle a vehicle safely. Viewing the facts and indulging in all permissible inferences in favor of the verdict, we conclude that sufficient evidence existed to prove beyond a reasonable doubt each element of the crime charged.

**CONCLUSION**

{16}　　We conclude that sufficient evidence existed for a rational jury to decide that Defendant was driving under the influence of intoxicating liquor and was impaired to the slightest degree in violation of Section 66-8-102(A). Accordingly, we affirm Defendant's conviction.

{17}　　**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

11